576 So.2d 933 (1991)
Jean H. McNAIR, Appellant,
v.
PAVLAKOS/McNAIR DEVELOPMENT COMPANY, Appellee.
No. 90-1565.
District Court of Appeal of Florida, Fifth District.
March 28, 1991.
John T. Murphy of Murphy & Murphy, P.A., Melbourne, for appellant.
No Appearance, for appellee.
PETERSON, Judge.
The issue presented by a dissenting minority shareholder is whether the trial court erred by requiring the appellant shareholder initially to pay costs incurred during pendency of litigation when section 607.247(9), Florida Statutes (1987), generally requires costs and expenses to be assessed against the corporation. The trial court appointed the specific certified public accountant suggested by the shareholder in her motion to appoint an appraiser pursuant to section 607.247(7), Florida Statutes (1987). The trial court required the shareholder to pay the appraiser but reserved jurisdiction to award fees and costs at the conclusion of the action. Later, the trial court entered an order requiring the shareholder to pay the court-appointed appraiser within sixty days or suffer the consequences of stricken pleadings. The shareholder did not pay the appraiser, and the court struck the shareholder's pleadings.
The shareholder has furnished no record of the hearings below in which the issue was considered. We have nothing before us that would provide us with the basis for the trial court's decision. The order denying the shareholder's motion for reconsideration indicated only that "all grounds alleged" were previously considered by the court. It is the burden of an appellant to present a record that will overcome the presumption of correctness of the trial court's findings, and a judgment which is not fundamentally erroneous on its face must be affirmed. Ahmed v. Travelers Indemnity Co., 516 So.2d 40 (Fla. 3d DCA 1987).
Under section 607.247(9), the court may order a shareholder to pay costs if the court finds that a shareholder's refusal to accept an offer for stock was arbitrary, vexatious, or not in good faith. The absence of a more informative record in this appeal invites speculation whether any refusal existed; whether it was arbitrary, vexatious, or not in good faith; or whether assets were available to the corporation to timely pay the court-appointed appraiser. The shareholder was given the opportunity to supplement the record pursuant to rule 9.200(f)(2), Florida Rules of Appellate Procedure, but the submitted "Statement of Evidence" did nothing to provide information *934 beyond what appears in the pleadings and orders already in the record. Furthermore, it is apparent that the procedural requirements of rule 9.200(b)(4), Florida Rules of Appellate Procedure, were not followed.
Section 607.247(9) directing the manner in which costs ultimately will be assessed in an action does not address the problem of determining the initial source of funds from which a court appointee is to be paid. While we would anticipate that interim appraisal costs would be funded predominately by the corporation, we see no reason to cloud the discretionary authority of the court to tax interim costs against a shareholder in the absence of a showing of an abuse of that discretion and in the absence of a prohibition against doing so under section 607.247(9).
AFFIRMED.
DIAMANTIS, J., concurs.
GRIFFIN, J., dissents without opinion.