PER CURIAM.
This is an appeal by the defendant Derrick L. Williams from an adjudication of guilt and sentence for the first-degree felony of trafficking in over 400 grams of cocaine [§ 893.135(l)(b)l.c., Fla.Stat. (1989) ] which was entered upon an adverse jury verdict. We reverse for a new trial.
The state concedes, and we agree, that it was error for the trial court to refuse to instruct the jury on the permissive lesser included offense of sale of cocaine [§ 893.13(l)(a), Fla.Stat. (1989)], a second-degree felony, because the information herein alleged a sale of cocaine and the evidence adduced at trial tended to establish such a sale. See Amado v. State, 585 So.2d 282 (Fla.1991) (simple possession of cocaine held a permissive lesser included offense of trafficking in cocaine where the information alleged possession of cocaine and the evidence adduced at trial tended to establish such possession). Contrary to the state’s contention, however, we conclude that this error was reversible and not harmless because the refused lesser offense of sale of cocaine [a second-degree felony] was “one step” removed from the offense with which the defendant was charged and convicted, to wit: trafficking in cocaine [a first-degree felony]. It is settled that the refusal to instruct the jury on an otherwise proper lesser included offense which is “one step” removed from the offense with which the defendant is charged and convicted, as here, constitutes per se reversible error. State v. Abreau, 363 So.2d 1063, 1064 (Fla.1978).
We find no merit in the balance of the defendant’s points on appeal. The final judgments of conviction and sentence under review are reversed and the cause is remanded to the trial court for a new trial.
Reversed and remanded.