PER CURIAM.
This case is before us on appeal of the trial court’s amended final judgment of dissolution. Former husband raises two issues: (1) whether the trial court abused its discretion in ordering former husband to pay former wife rehabilitative alimony in the amount of $100 per month for ten years or until she obtains a college degree; and (2) whether the trial court abused its discretion in ordering former husband to obtain or maintain a life insurance policy as security for future child support payments. We reverse as to both issues and remand for further proceedings.
First, the trial court abused its discretion in awarding former wife rehabilitative alimony without determining former husband’s ability to pay. See Kaylor v. Kaylor, 413 So.2d 870 (Fla. 2d DCA 1982); Robinson v. Robinson, 366 So.2d 1210 (Fla. 1st DCA 1979). Here, it appears that former wife has a higher income and is in a better financial position than former husband. As the order stands, we cannot discern the legal basis for the trial court’s award of alimony to the former wife. Therefore, we reverse and remand for the trial court to make the aforementioned findings.
Second, we are unable to adequately review that portion of the order requiring former husband to obtain or maintain a life insurance policy as security for future child support. The trial court’s order does not *51 state the amount of this obligation or whether former husband’s insurance policy through work is sufficient to meet the requirement. Therefore, we reverse and remand to the trial court to clarify this obligation, determine the sufficiency of former husband’s current work policy, and, if insufficient, determine whether former husband has the financial ability to secure an additional policy.
BOOTH, ALLEN and WEBSTER, JJ., concur.