PER CURIAM.
We affirm that part of the Final Judgment of Dissolution of Marriage of Maria V. Mazzei and Dario Mazzei, dissolving the parties’ marriage. • However, finding the final judgment is ambiguous and contradictory, we reverse the balance of that order and the fees award subsequently entered, and remand for reconsideration. Cowen v. Cowen, 600 So.2d 39 (Fla. 4th DCA 1992). On one hand, in the final judgment, the trial judge found the parties’ postnuptial settlement agreement “valid and clear on its face.” On the other hand, in that judgment, the trial judge ordered a distribution of assets clearly antagonistic to the very terms of that agreement.[1]
While postnuptial agreements concerning marital property are enforceable, such agreements may be set aside or modified if it is established that they were reached as a result of duress, coercion, or overreaching. Casto v. Casto, 508 So.2d 330 (Fla.1987); Thomas v. Thomas, 571 So.2d 499 (Fla.1st DCA 1990). On remand, the trial court may enforce the agreement or find *630 that the document was entered under duress, and set aside the agreement, as testimony of duress was clearly given below.[2] Casto, 508 So.2d at 332. However, the final judgment’s internal inconsistency cannot stand.
Accordingly, affirmed in part, reversed in part and remanded.

. The agreement provided:
3. DARIO MAZZEI hereby agrees that in the event that either party files for a dissolution of marriage between himself and MARIA VICTORIA MAZZEI, he will claim no interest in the property hereinabove described in Paragraph 1 of this Agreement located at 6036 North Waterway Drive, Miami, Fla., and will, upon a written request from MARIA VICTORIA MAZ-ZEI, give a Deed conveying his interest in the above described real property
The court ordered:
5.That title to the marital residence located at 6036 North Waterway Drive, Miami, Florida 33155, is hereby awarded to the Wife.
• The Husband is entitled to a special equity of one half (1/2) of the increase in value of said property [Marital Residence] during the marriage to wit: one half (1/2) of $25,000.00. ($12,500) [change initialed EJS],
The agreement provided:
6.MARIA VICTORIA MAZZEI hereby agrees that in the event that either party files for a dissolution of marriage between herself and DARIO MAZZEI, she will claim no interest in the Condominium property hereinabove described in Paragraph 4, and she will, upon written request from DARIO MAZZEI, give a Deed conveying her interest in in the above described real property to DARIO MAZZEI.
The court ordered:
6. That title-to [ownership of] the apartment purchased during the marriage shall continue in both parties. When said property is sold ef the value set at [as is contemplated by the parties for] $27,000.00, the Husband shall receive $17,000.00 and the Wife shall receive $10,000.00 and the Husband shall apply the special equity from the marital residence against the Wife’s share in said apartment.
The agreement provided:
9. In any action for divorce brought in any jurisdiction at any time hereafter by either party against the other, the parties agree that they shall not make or assert against the other any claims or demands for [personal] support and maintenance, alimony, counsel fees, or court costs except as herein provided. [Nothing in this paragraph shall be construed to relate to any agreement on child support, which both parties agree shall be determined by the court.]
The court ordered:
7.That the court reserves jurisdiction as to Wife’s entitlement and amount of attorney’s fees, including costs. A hearing to determine shall be heard by the General Master, who has previously heard this case.
The general master thereafter held:
2. That the earnings of the Husband are substantially greater than that of the Wife, therefore, said fees and costs should be payable by the Husband, Dario Mazzei, since to rule otherwise would cause the Wife to diminish her assets.

. The husband claims that the wife's coercion into signing the agreement was never argued below. The transcript, however, does contain the following:
THE COURT: So what you are saying is that you signed this agreement under duress?
THE WITNESS (Mrs. Mazzei): Yes, your Hon- or.