674 So.2d 168 (1996)
Maricella HADDAD, Appellant,
v.
Jose CURA, Appellee.
No. 95-853.
District Court of Appeal of Florida, Third District.
May 8, 1996.
Rehearing Denied June 12, 1996.
Kenneth P. Liroff, Ft. Lauderdale, and Sharon M. Sabel, Lake Worth, for appellant.
No appearance, for appellee.
Before BARKDULL, GODERICH, and GREEN, JJ.
GREEN, Judge.
Maricella Haddad appeals a final order of the trial court which denied her post-trial motion for treble damages pursuant to Chapter 772, Florida Statutes (1987), the Civil *169 Damages for Criminal Practices Act.[1] We affirm.
Haddad's complaint against Jose Cura alleged that Cura obtained a license to practice dentistry in Florida by misrepresenting his educational background; that she became a "patient" of Cura's in 1987 and 1988 on her belief that he was a professional, licensed dentist; and that she was injured as a result of the dental procedures and treatments performed on her by Cura. The complaint also sought treble damages pursuant to Chapter 772.
The case went to jury trial in January 1995. At the start of trial, Cura admitted liability for the actions pled in the complaint and the trial proceeded solely on the issue of damages. The jury awarded Haddad $7,200 for past dental expenses and $5,000 for pain and suffering. Haddad moved post-trial, among other things, to treble these damages under section 772.104, Florida Statutes (1987). The trial court denied the motion for treble damages on the grounds that the jury had been instructed to base any award of damages upon the "preponderance of the evidence" presented rather than upon the "clear and convincing" standard prescribed in section 772.104. Therefore, Haddad had not met her burden to establish her entitlement to treble damages.
Haddad argues on appeal that section 772.104 does not require her to establish her damages by clear and convincing evidence and that once Cura admitted liability and the jury awarded damages based upon the "preponderance" standard, a trebling of such an award was mandatory and nothing more than a ministerial act to be performed by the trial court. We disagree. Section 772.104 states in relevant part that:
Any person who proves by clear and convincing evidence that he has been injured by reason of any violation of the provisions of s. 772.103 shall have a cause of action for threefold the actual damages sustained.... (emphasis added)
We find that the plain and unambiguous language of this statute requires proof of both liability and damages by clear and convincing evidence as a prerequisite for treble damages. It clearly negates Haddad's argument that she may prove her actual damages by a preponderance of the evidence and still receive a treble damage award. Finally, we note that we have not been furnished a transcript of the trial proceedings below or a stipulated statement pursuant to Florida Rule of Appellate Procedure 9.200(b)(4). In the absence of such a transcript or statement, we must affirm the order under review because we have no way of ascertaining the nature of the evidence presented to the jury on the issue of damages and whether such evidence would have met the "clear and convincing" standard had the jury been properly instructed. Carter v. Carter, 504 So.2d 418, 419 (Fla. 5th DCA 1987) ("Where, as here, the correctness of the trial court's ruling depends on the evidence presented to it, a report of that evidence in one of the forms permitted by the rules is absolutely essential to an appellate review."). Since the judgment is not otherwise fundamentally flawed on its face, it must be affirmed. McNair v. Pavlakos/McNair Dev. Co., 576 So.2d 933 (Fla. 5th DCA 1991); Ahmed v. Travelers Indem. Co., 516 So.2d 40 (Fla. 3d DCA 1987).
Affirmed.
NOTES
[1] The appellee, Jose Cura did not file a brief on appeal and was precluded from taking part in oral argument.