SHEVIN, Judge.
The husband appeals a dissolution judgment challenging the $200 per month permanent alimony awarded to the wife and a credit awarded against the alimony payments.[1]
We reverse the alimony award. The final judgment dissolving this 31-year marriage provides that the wife earns approximately $2000 a month; the court imputed $1200 a month to the husband from a solely-owned business. As to the parties’ ex *257 penses, the court found that the fifty-five year-old wife did not earn sufficient income to maintain the lifestyle established during the marriage and that the sixty-two year-old husband was able to pay his expenses to maintain a lesser standard of living. As to the equitable distribution scheme, the court evenly divided the assets; however, the court awarded the business to the husband. Despite the wife’s demonstrated need for alimony, that award may not stand as presently ordered where, as here, her income greatly exceeds the husband’s income. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980); Parks v. Parks, 637 So.2d 50 (Fla. 1st DCA 1994); Woodard v. Woodard, 477 So.2d 631 (Fla. 4th DCA 1985), review denied, 492 So.2d 1336 (Fla.1986); Schwartz v. Schwartz, 450 So.2d 277 (Fla. 3d DCA 1984). In addition, the judgment does not provide that the court awarded alimony to balance any inequities in the distribution scheme caused by granting the income-producing asset to the husband. See Hamlet v. Hamlet, 583 So.2d 654 (Fla.1991); Ugarte v. Ugarte, 608 So.2d 838 (Fla. 3d DCA 1992), cause dismissed, 617 So.2d 322 (Fla.1993). The reversal of the alimony award also requires reversal of the credits awarded against those payments.
However, we remand the cause so that the trial court may clarify the judgment regarding the alimony award. In denying the husband’s rehearing motion attacking the award, the court order describes the alimony amount as minimal; it states that the court was overly generous in imputing income to the husband, that the husband had used the business continuously to pay for his personal needs, and that he had been patently uncooperative in complying with the wife’s discovery efforts to account for his income.[2] Thus, the rehearing order renders it difficult to discern whether the trial court receded implicitly from the findings as to income and the basis for the award without amending the judgment. See Mazzei v. Mazzei, 639 So.2d 628 (Fla. 3d DCA 1994); Parks, 637 So.2d at 50. On remand, the court may modify its findings, make further sufficient findings to support an alimony award, or reserve jurisdiction to provide the wife alimony in the future.
Accordingly, we affirm the dissolution, reverse the alimony award, reverse the credits awarded against the alimony payments, and remand the cause for further proceedings consistent with this decision.
Affirmed in part; reversed in part, and cause remanded.

. The husband has not supplied this court with a trial transcript or a proper substitute. Therefore, our review is limited to legal errors appearing on . the face of the judgment. See Applegate v. Barnett Bank, 377 So.2d 1150 (Fla. 1979); Haddad v. Cura, 674 So.2d 168 (Fla. 3d DCA 1996); Hirsch v. Hirsch, 642 So.2d 20 (Fla. 5th DCA 1994); Santoro v. Santoro, 642 So.2d 86 (Fla. 2d DCA 1994); Casella v. Casella, 569 So.2d 848 (Fla. 4th DCA 1990); Ahmed v. Travelers Indem. Co., 516 So.2d 40 (Fla. 3d DCA 1987).

. The court also noted that the alimony amount “wiE be offset by the elimination of storage costs paid-by the Husband which the Husband conceded was no longer necessary [and that] [s]uch alimony award will not affect the Husband's standard of living.”