ANTOON, Judge.
Cees van den Boom and Corrine Nuenburg appeal the nonfinal order entered by the trial court appointing a custodian pendente lite for Florida Palms, Inc. Finding no error, we affirm.
Appellants are the principals in Tree Group, Inc., which is a one-third owner of Florida Palms, Inc. Appellees, YLB Investment, Inc. (YLB) and Ram Real Estate Investment, Inc. (RAM), are also each one-third owners of Florida Palms, Inc. The primary purpose of Florida Palms, Inc., is the development of a real estate project known as Florida Palms.
Appellants operated the project until disharmony amongst the owners arose. The disharmony resulted in litigation when YLB and Ram sued the appellants to recover misappropriated money and property. Appel-lees moved the trial court to appoint a custodian pendente lite. After an evidentiary hearing, the trial court granted the motion, appointed the custodian, and charged him with the task of managing Florida Palm, Inc., and safeguarding its assets. The trial court did not require a bond of the custodian.
Appellants argue that the trial court erred in appointing the custodian pen-dente lite. Essentially, they contend that the evidence presented was insufficient to meet the necessary burden of proof and to support the trial court’s findings of fact. They also argue that the trial court erred in not requiring a bond of the custodian. However, appellants have failed to provide us with a transcript of the evidentiary hearing regarding the appointment of the custodian thereby precluding review of any claim of error pertaining to the evidence. In this regard, the findings and orders of the trial court come to this court with a presumption of correctness and the appellant has the burden of bringing an adequate record to support the appeal. Wright v. Wright, 431 So.2d 177 (Fla. 5th DCA 1983). The appellants’ failure to do so in the instant case mandates affirmance.
We also find no error with regard to the trial court’s failure to require the custodian to post a bond. The custodian was appointed pursuant to section 607.1432, Florida Statutes (1995), which does not mandate a bond but instead, provides that the circuit court “may” require the custodian to post a *966 bond. There is no evidence that the trial court abused its discretion.
AFFIRMED.
DAUKSCH and GRIFFIN, JJ., concur.