GRIFFIN, Chief Judge.
Appellant, Ismael Berrios Perez [“Perez”], appeals his convictions of conspiracy to traf *159 fic 200 or more grams of cocaine and conspiracy to traffic four to fourteen grams of heroin. [1]
Perez raises several issues on appeal, only one of which has merit. He is entitled to a new trial on both charges because the lower court erroneously refused to instruct the jury on requested lesser included offenses. At the charge conference, Perez asked the court to instruct on conspiracy to traffic in lesser amounts of heroin and cocaine as lesser-included offenses of conspiracy to traffic in 14 grams or more of heroin, and conspiracy to traffic in 200 grams or more of cocaine. The court agreed to and did instruct the jury on these necessarily lesser-included offenses. Perez also requested a jury instruction on conspiracy to deliver a non-trafficking amount of heroin and cocaine, as a permissive lesser-included offense of the two trafficking charges. The trial court denied this request, mistakenly stating that neither trafficking charge had alleged delivery. In fact, however, the information alleged that Perez had conspired with:
Thomas Camacho, Innocencio Osorio, Heriberto Torres, Raymond (last name unknown) or with other persons, known or unknown, to knowingly possess, sell, purchase, manufacture, deliver or bring into the State of Florida fourteen (14) grams or more of herion [sic].
Additionally, it alleged that Perez had conspired with:
Thomas Camacho, Innocencio Osorio, Heriberto Torres, Raymond (last name unknown) or with other persons, known or unknown, to knowingly possess, sell, purchase, manufacture, deliver or bring into the State of Florida, two hundred (200) grams or more of cocaine....
Perez was entitled to an instruction on delivery as a lesser-included offense of the trafficking offenses, because delivery was charged in the information. See State v. Weller, 590 So.2d 928, 926 (Fla.1991). See also Amado v. State, 585 So.2d 282 (Fla.1991).
In response to Perez’s argument, the state first contends that the issue has not been preserved for review because defense counsel failed to renew his objection after the jury was charged. We disagree; it was sufficient to request the instruction. The issue was dismissed and the court’s position clearly stated. Hettick v. State, 687 So.2d 964 (Fla. 2d DCA 1994) (involving failure to give conspiracy to sell as lesser-included offense of trafficking).
The state also argues that the error was harmless because there was overwhelming evidence of guilt. However, it is per se reversible error to refuse to give an instruction on an offense one step removed from the offense of which the defendant was ultimately convicted. State v. Abreau, 363 So.2d 1063 (Fla.1978). See Torres v. State, 695 So.2d 950 (Fla. 3d DCA 1997) (reversing conviction for trafficking because of failure to give instruction on simple possession); Williams v. State, 594 So.2d 824 (Fla. 3d DCA 1992) (sale of cocaine is only one step removed from trafficking in more than 400 grams of cocaine). This error requires a new trial.
REVERSED and REMANDED.
GOSHORN and ANTOON, JJ., concur.

. He was also convicted of two counts of delivery of heroin and two counts of possession of heroin, which are not challenged on appeal.