PER CURIAM.
The appellant has the affirmative duty to present the appellate court with an adequate record for appellate review; indeed, this rudimentary principle is inseparably connected to and well grounded in appellate review. See Fla. R.App. P. 9.200(e); see also Seal Prods, v. Mansfield, 705 So.2d 973, 975 (Fla. 3d DCA 1998); Van Den Boom v. YLB Invs., Inc., 687 So.2d 964, 965 (Fla. 5th DCA 1997); Graham v. Lomar Indus., 583 So.2d 819, 820 (Fla. 4th DCA 1991); McNair v. Pavlakos/McNair Dev. Co., 576 So.2d 933, 933 (Fla. 5th DCA 1991). Thus, in the absence of an adequate record of the proceedings below, we cannot resolve the issues raised in this appeal. See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla.1979); see also Bankers Ins. Co. v. Grenko, 707 So.2d 1185, 1185 (Fla. 4th DCA 1998); Lederman v. Shore, 707 So.2d 1134, 1135 (Fla. 4th DCA 1998); Rodwin-Pines v. Pines, 706 So.2d 946, 946 (Fla. 3d DCA 1998). Accordingly, we must affirm the final judgment entered pursuant to the jury’s verdict.
Affirmed.