753 So.2d 742 (2000)
Robert N. PRYMUS, Jr., Appellant,
v.
Annmarie Duncan PRYMUS, Appellee.
No. 3D98-2602.
District Court of Appeal of Florida, Third District.
March 22, 2000.
Jerry Velazquez, Hialeah, for appellant.
Michael J. Rose, Miami, for appellee.
Before JORGENSON, COPE, and GREEN, JJ.
PER CURIAM.
The former husband appeals the final judgment of dissolution wherein the trial court overruled the general master's recommendation of a denial of attorney's fees and costs to the former wife and taxed him with such fees and costs. We note that the former husband has not provided us with a transcript, or proper substitute of the final hearing below. Moreover, based upon our review of the record, an award of attorney's fees and costs in the final judgment does not appear to be erroneous on its face. Accordingly, the presumption of correctness which attaches to this final judgment remains intact and we can find no abuse of discretion in this regard. See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla.1979) (holding that "[i]n appellate proceedings the decision of a trial court has the presumption of correctness and the burden is on the appellant to demonstrate error."); Brancaccio v. Jackal Corp., 641 So.2d 114, 115 (Fla. 3d DCA 1994)(trial court's denial of plaintiffs' request for new trial was presumed correct where plaintiffs failed to provide transcript of proceedings below and, thus, the appellate court was unable to determine whether contents of unadmitted notes and drawings taken into jury room were important enough to issues of case to require new trial); In re Guardianship of Read, 555 So.2d 869, 871 (Fla. 2d DCA 1989)(providing that "[s]ince the court's order was not erroneous on its face and the correctness of the trial court's ruling depended not only on Mrs. Kenefick's written records but also upon evidence presented at the hearing but not furnished to us, we must affirm.").
Affirmed.
JORGENSON and GREEN, JJ., concur.
COPE, J. (concurring).
I agree, but note that the wording of the trial court's order is "[t]hat the Court hereby reserves jurisdiction to determine the amount of reasonable attorney's fees and costs to be taxed against Robert N. Prymus, Jr." Under this order, the question of what the husband has the ability to pay remains open for consideration at the attorney's fee hearing.