937 So.2d 1179 (2006)
Simon Vincent PORTEOUS, Appellant,
v.
Dana Maud PORTEOUS, Appellee.
No. 3D03-2019.
District Court of Appeal of Florida, Third District.
September 6, 2006.
*1180 Deborah Marks, Miami, for appellant.
Steven F. Samilow, Weston, for appellee.
Before COPE, C.J., and CORTIÑAS and ROTHENBERG, JJ.
COPE, C.J.
Simon Vincent Porteous ("the former husband") appeals a final judgment of dissolution of marriage. We affirm.
As the first point on appeal the former husband argues that the final judgment should be reversed and the cause remanded so that the trial court can make more detailed findings under the equitable distribution statute. See § 61.075(3), Fla. Stat. (2002). The trial court's judgment identifies the assets that were the subject of dispute at the trial. The court accepted the position of the former wife regarding two of the assets and rejected the former wife's position regarding the remaining assets. The court then divided the marital assets on a fifty-fifty basis.
We have said that "[a]s a general rule, we decline to consider claims which were not presented in the first instance in the trial court. In this case there is no indication that the need for statutory findings was called to the attention of the trial court." Broadfoot v. Broadfoot, 791 So.2d 584, 585 (Fla. 3d DCA 2001) (citation omitted). In this case there is no indication that either party asked the trial court to make more, or different, statutory findings on the subject of equitable distribution. That being so, we decline to reverse for more findings.
As part of point one, the former husband appears to argue that some of the trial court's factual findings are not supported by the record. The barrier to entertaining this argument is the fact that the former husband has only filed the transcripts of the first two trial days. The record on appeal does not contain a transcript of the third trial day, consisting of the cross examination of the former wife *1181 plus other trial witnesses. Similarly, we do not have the benefit of any closing arguments made by the parties or oral pronouncements, if any, by the trial judge. No record substitute has been filed for the third trial day. See Fla. R.App. P. 9.200(a)(4), (b)(4). As the Florida Supreme Court has explained:
When there are issues of fact the appellant necessarily asks the reviewing court to draw conclusions about the evidence. Without a record of the trial proceedings, the appellate court can not properly resolve the underlying factual issues so as to conclude that the trial court's judgment is not supported by the evidence or by an alternative theory. Without knowing the factual context, neither can an appellate court reasonably conclude that the trial judge so misconceived the law as to require reversal.
Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla.1979).
In the absence of a proper record, our review is limited to any errors which appear on the face of the judgment. See Prymus v. Prymus, 753 So.2d 742 (Fla. 3d DCA 2000); Katowitz v. Katowitz, 684 So.2d 256, 257 n. 1 (Fla. 3d DCA 1996). We do not agree with the former husband's claim that legal error appears on the face of the judgment.
The former husband challenges the trial court's award of attorney's fees to the appellee former wife. However, that award was made in a subsequent final judgment on attorney's fees and is not contained in the final judgment which is now before us. We therefore do not reach in this proceeding any claim regarding the award of trial court attorney's fees.
The former husband argues that the trial court erred by denying his claim for return of his personal effects. As the former wife points out, review of this claim is also precluded because of a lack of a complete record. There is no discussion of this claim in the portion of the trial transcript which has been filed. See Applegate.
For the stated reasons, the final judgment is affirmed.