# Third District Court of Appeal

## State of Florida

Opinion filed November 5, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-506
Lower Tribunal No. 22-3470-CP-02
_____

**Myrlie Coleman, as Personal Representative of
the Estate of Natalie Horn,**
Appellant,

vs.

**Safare Horn,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Jorge E. Cueto, Judge.

Corona Law Firm, P.A., and Ricardo Corona and Ricardo M. Corona and Laura Hernandez and Kevin M. Corona, for appellant.

Hutchison Law, P.A., and Courtney D. Hutchison (Naples); Rizk Law, PLLC and Beshoy Rizk, for appellee.

Before SCALES, C.J., and MILLER and LOBREE, JJ.

LOBREE, J.

Myrlie Coleman, as personal representative of the estate of Natalie Horn (the "decedent"), appeals the trial court's order granting Safare Horn's petition to establish the decedent's lost will.[1] We affirm.

The decedent passed away on April 30, 2022. Thereafter, the decedent's sister, Coleman, filed a petition for formal administration of the decedent's estate. Coleman attested that her sister died intestate and sought appointment as personal representative of the estate. The trial court issued letters of administration and appointed Coleman as personal representative of her sister's estate.

Just over a year later, Horn, who is Coleman and the decedent's brother, petitioned to establish and probate a copy of the decedent's lost will. Horn claimed that the decedent had executed a will on December 8, 2020, which was witnessed by two witnesses and notarized by Anita Porter. Horn further alleged that the decedent had given the original will and a copy to her cousin, Lanette Jones, directly after having it notarized, told Jones of the will's contents, and directed Jones to provide the documents to Horn after she passed. After the decedent's death, Jones realized she had misplaced the original will and gave Horn the copy of the will.

---

[1] We have jurisdiction as the order is one that "determine[s] a petition for probate of a lost or destroyed will[.]" Fla. R. App. P. 9.170(b)(3); see Anderson v. Est. of Quintero, 374 So. 3d 67, 69 (Fla. 3d DCA 2022).

Coleman filed a response, objection, and motion to dismiss Horn's petition to establish the lost will.  After conducting an evidentiary hearing at which Porter testified, the trial court granted Horn's petition to establish the lost will and ruled that Coleman's response, objection, and motion to dismiss were moot.  Notably, the record on appeal contains neither a transcript of the evidentiary hearing nor a settled and approved statement of the evidence under Florida Rule of Appellate Procedure 9.200(b)(5).  See id. ("[T]he statement [of the evidence or proceedings] and any objections or proposed amendments must be filed with the lower tribunal for settlement and approval.  As settled and approved, the statement must be included by the clerk of the lower tribunal in the record." (emphasis added)).

On appeal, Coleman argues that Horn presented insufficient evidence at the evidentiary hearing to meet the statutory burden of establishing a lost will under section 733.207, Florida Statutes (2024).  See § 733.207, Fla. Stat. (2024) ("Any interested person may establish the full and precise terms of a lost or destroyed will and offer the will for probate.  The specific content of the will must be proved by the testimony of two disinterested witnesses, or, if a correct copy is provided, it shall be proved by one disinterested witness.").  Given the lack of a transcript of the testimony at the evidentiary hearing or a statement of the evidence settled and approved by the trial court

3

under rule 9.200(b)(5), and discerning no fundamental error on the face of the order, we must assume that the trial court's determination that Horn's evidentiary showing established the decedent's lost will was correct. See Zarate v. Deutsche Bank Nat'l Tr. Co. as Tr., 81 So. 3d 556, 558 (Fla. 3d DCA 2012) ("Where there is no record of the testimony of witnesses or of evidentiary rulings, and where a statement of the record has not been prepared pursuant to Florida Rule of Appellate Procedure 9.200 . . . a judgment which is not fundamentally erroneous on its face must be affirmed."); Smith v. Orhama Inc., 907 So. 2d 594, 596 (Fla. 3d DCA 2005) (holding that without the ability to see what the trial court actually found in reference to the evidence presented below, it is not possible to reverse unless there is fundamental error on the face of the trial court's order); Ahmed v. Travelers Indem. Co., 516 So. 2d 40, 40 (Fla. 3d DCA 1987) ("An appellant has the burden to present a record that will overcome the presumption of the correctness of the trial court's findings. Where there is no record of the testimony of witnesses or of evidentiary rulings, and where a statement of the record has not been prepared pursuant to Florida Rule of Appellate Procedure 9.200 . . . a judgment which is not fundamentally erroneous on its face must be affirmed." (citation omitted)); Haddad v. Cura, 674 So. 2d 168, 169 (Fla. 3d DCA 1996).

4

Coleman also asserts that Horn failed to comply with certain procedural requirements set forth in Florida Probate Rule 5.510(c), (d), and (e). On this issue, we find Coleman's arguments as to subsections (d) and (e) unpreserved, and that Coleman has failed to demonstrate harmful error as to any alleged failure to comply with subsection (c). Specifically, Coleman's argument that the order establishing the lost will lacks compliance with rule 5.510(e) because it does not "state in full [the will's] terms and provisions" is unavailing because it was not preserved for review. See Fla. Prob. R. 5.510(e) ("The order admitting the will to probate shall state in full its terms and provisions."). The trial court's failure to state the terms and provisions of the will appeared for the first time on the face of the order, but Coleman neglected to raise the issue in her motion for rehearing. See Scognamillo v. Jamison, 389 So. 3d 624, 625 (Fla. 3d DCA 2023) ("[W]here an error by the court appears for the first time on the face of a final order, a party must alert the court of the error via a motion for rehearing or some other appropriate motion in order to preserve it for appeal." (quoting Williams v. Williams, 152 So. 3d 702, 704 (Fla. 1st DCA 2014))).

Similarly, Coleman's argument that Horn did not give formal notice of his petition to establish the lost will to either the estate of Yvonne Monds (the decedent's mother) or its beneficiaries as required by rule 5.510(d) (stating

5

that "[n]o lost or destroyed will shall be admitted to probate unless formal notice has been given to those who, but for the will, would be entitled to the property thereby devised"), was unpreserved. Coleman could have, but did not, assert failure to provide formal notice in accordance with rule 5.510(d) in her response and objection to Horn's motion to establish the lost will. Instead, Coleman raised the argument for the first time in her motion for rehearing, which the trial court denied. As a result, the argument that Horn failed to comply with rule 5.510(d) was not preserved for review. See Ray Med. Ctr., Inc. v. Florida Ins. Guar. Ass'n, 406 So. 3d 1086, 1088 n.2 (Fla. 3d DCA 2025) (finding arguments not raised below until motion for rehearing unpreserved for review); Buyer's Choice Auto Sales, LLC v. Palm Beach Motors, LLC, 391 So. 3d 463, 468 (Fla. 4th DCA 2024) ("An argument raised for the first time in a motion for rehearing will not preserve the argument for appellate review."). Finally, Coleman has not explained why Horn's error, if any, in failing to comply with rule 5.510(c) (stating that "[t]he testimony of each witness in the proceeding shall be reduced to writing and filed and may be used as evidence in any contest of the will if the witness has died or moved from the state"), constitutes harmful error. Thus, we are constrained to affirm the trial court's order establishing the lost will of the decedent.

Affirmed.