569 So.2d 848 (1990)
Richard R. CASELLA, Jr., Appellant,
v.
Cheryl D. CASELLA, Appellee.
No. 89-2484.
District Court of Appeal of Florida, Fourth District.
November 7, 1990.
*849 Wayne Carson of Law Offices of Vesel & Carson, Fort Lauderdale, for appellant.
Stanley M. Sacks, Fort Lauderdale, for appellee.
POLEN, Judge.
Appellant, former husband, seeks review of the trial court's amended final judgment of dissolution of marriage. After rendering of the final judgment, in response to the former husband's motion for rehearing and after hearing argument, the trial court, while denying the motion for rehearing, entered an amended final judgment that differed significantly from the final judgment. The final judgment allotted the former husband an imputed gross income of $30,000 and the wife no income. The amended judgment allotted the former husband an imputed gross income of $40,000 and the former wife an imputed income of $12,000. Both judgments required the former husband pay approximately $1824 per month in alimony and child support. The former husband alleges error in the amount of child support and the amount of alimony awarded. We agree and reverse and remand.
As a threshold issue we note the failure to have a court reporter present at either the final hearing or during arguments on the motion for rehearing. Although several exhibits that were introduced into evidence have been submitted to this court, we have no transcript of the proceedings below for review. The decision of the trial court comes to an appellate court clothed in a presumption of correctness and the burden is on appellant to demonstrate reversible error. Therefore, the failure to provide either a transcript or proper substitute for one, such as a reconciliation of the facts by the parties and trial court judge, is usually fatal. Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla. 1979).
However, Applegate is not controlling as we find reversible error on the face of the amended judgment alone. Even in light of an imputed $40,000 income, deducting the $1824 per month alimony and child support payment from an appproximate $2600 take-home pay would leave the former husband with approximately $800 a month on which to live. The award is approximately 70 percent of the former husband's net income and clearly excessive. Although we base this decision on Thomas v. Thomas, 418 So.2d 316 (Fla. 4th DCA 1982), this is not to say that an award amounting to any particular percentage of a party's income forms a bright-line rule resulting in a finding of an excessive award and an abuse of discretion. Each case's resolution must rest on its individual facts. We affirm the dissolution of marriage but reverse and remand for proceedings not inconsistent with this opinion.
HERSEY, C.J., and GLICKSTEIN, J., concur.