642 So.2d 20 (1994)
Laura Kay HIRSCH, N/K/a Laura Kay Geiger, Appellant,
v.
Jonathan Aryea HIRSCH, Appellee.
No. 94-48.
District Court of Appeal of Florida, Fifth District.
August 5, 1994.
Rehearing Denied September 13, 1994.
Robert A. DuChemin, Orlando, for appellant.
Robert J. Wheelock and Michael B. Jones, Orlando, for appellee.
*21 DIAMANTIS, Judge.
Laura Kay Hirsch (the mother) appeals the final order modifying Jonathan Hirsch's (the father) child support obligation from $750 per month to $500 per month. We reverse because the trial court's findings of fact establish that the father failed to demonstrate that his reduction in income was involuntary.
We first address the father's contention that we must affirm the modification order because the mother failed to furnish this court with a transcript of the modification hearing. Generally, the failure to provide an appellate court with either a transcript or a proper substitute for a transcript, such as a reconciliation of the facts by the parties and the trial court, is fatal because, in the absence of a transcript, the appellate court is unable to evaluate allegations that error exists in the trial court's findings but, instead, must presume such findings to be correct. Casella v. Casella, 569 So.2d 848, 849 (Fla. 4th DCA 1990). Accord Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla. 1979); Fenner v. Fenner, 599 So.2d 1343, 1345 (Fla. 4th DCA), rev. denied, 613 So.2d 3 (Fla. 1992); Herbert v. Herbert, 304 So.2d 465, 466 (Fla. 4th DCA 1974). Nevertheless, the appellate court is authorized to reverse a judgment as a matter of law where an error of law is apparent on the face of the judgment. See Casella, 569 So.2d at 849.[1] Here, because an error of law is apparent on the face of the final judgment, the mother's failure to provide this court with a transcript of the modification hearing is not dispositive.
Proceeding to the merits of this appeal, we note first that a fundamental prerequisite to modification of a parent's child support obligation is the showing of a substantial change in circumstances. This change in circumstances must be significant, material, involuntary, and permanent in nature, and the burden of establishing this change in circumstances is on the party seeking modification. Deatherage v. Deatherage, 395 So.2d 1169, 1170 (Fla. 5th DCA), appeal dismissed, 402 So.2d 609 (Fla. 1981). Accord Haas v. Haas, 552 So.2d 252, 253 (Fla. 4th DCA 1989); de Molina v. de Molina, 463 So.2d 405, 406 (Fla. 3d DCA 1985).
The trial court set forth extensive findings of fact which clearly demonstrate that the father's reduction in his ability to pay child support is due to voluntary actions on his part:
FINDINGS OF FACT
I. Undisputed and Stipulated Facts:

1. The parties' marriage was dissolved on December 17, 1992 (approximately eight months before the Former Husband filed a petition for modification).
2. In early 1993, the Former Husband was discharged from the United States Navy. At that time, the Former Husband received a disability severance payment of $26,990.37, from which he received a check for $20,115.00 after deductions for income and payroll taxes.
2. [sic] The Former Husband currently is employed by Wolverine Services, a corporation partly owned by his present wife, from which he makes more than $200.00 per week.
3. The Former Wife earns approximately $1,350.00, from which she receives approximately $1,160.00 after income and payroll taxes are deducted.
4. After his discharge from the United States Navy, the Former Husband has failed to be employed full-time in any capacity.

5. From the approximately $20,000 (net) that he received upon discharge from the United States Navy, the Former Husband purchased a truck for his new wife for approximately $16,000.00. The new truck is titled in the new wife's name.
6. After his discharge from the United States Navy, the Former Husband was employed by the Fat Tuesday's Restaurant *22 in Orlando ("Fat Tuesday's"). Had the Former Husband not voluntarily terminated his employment, the Former Husband would have been promoted at Fat Tuesday's to a full-time position, with an increase in pay. The Former Husband testified that he was "next in line" for promotion to a full-time position with better pay.
7. The Former Wife has had to obtain medical insurance for the parties' minor children, which insurance was previously provided through the Former Husband's employment with the United States Navy.
* * * * * *
II. Factual Findings of Disputed Facts ...:

1. At the time of the dissolution of the parties' marriage, the Former Husband's annual income was approximately $24,000, inclusive of non-taxable benefits he received from the United States Navy.
2. The Former Husband's 1993 income for Federal income tax purposes will be at least $36,657.37, including severance pay.
3. On December 17, 1992, at the time of the entry of the Final Judgment for dissolution of marriage, the Former Husband had been contemplating his release from the United States Navy, and was suffering from the shoulder injury that he now claims prevents him from obtaining full-time employment.
4. The Former Husband has not made a substantial effort to be employed full-time, having only attended one (1) job interview since his discharge from the United States Navy. Therefore, the Former Husband, at the least, should have income imputed as if he was employed on a full-time basis.
5. The Former Husband's current income level has dropped substantially. The Former Husband may have been promoted, had he not voluntarily terminated his employment with Fat Tuesday's. In addition, the Former Husband testified that his income from employment in his new wife's company should increase in the near future.
6. The Former Husband expended $16,000 or eighty percent (80%) of his net United States Navy severance pay for a gift to his new wife, to the detriment of the Former Wife's ability to receive child support payments for the parties' children.
(Emphasis added).
Because the trial court specifically found that the decrease in the father's income was voluntary, it was error for the court to reduce the father's child support obligation. See Leone v. Weed, 474 So.2d 401, 404 (Fla. 4th DCA 1985). See also Thomas v. Thomas, 589 So.2d 944, 947 (Fla. 1st DCA 1991); Waskin v. Waskin, 484 So.2d 1277, 1277-78 (Fla. 3d DCA), rev. denied, 494 So.2d 1153 (Fla. 1986).
We recognize, further, that the trial court also found that the father used $16,000 of the $20,000 net payment which he received upon separation from the military to purchase a truck for his present wife, and that this use of the funds impacted adversely upon the ability of the mother to receive child support on behalf of the children.[2]
While the modification order must be reversed, on remand the trial court may consider whether the father is entitled to an emergency temporary reduction in his child support obligation. In order to qualify for such an emergency temporary reduction, the father must demonstrate that he acted in good faith when he left his employment with Fat Tuesday's in order to take employment with a corporation partly owned by his wife, and when he used his military separation funds to purchase a truck for his wife. The parties should be given an opportunity to present evidence on the issue of the father's good faith. See Fort v. Fort, 90 So.2d 313, *23 315 (Fla. 1956); Kinne v. Kinne, 599 So.2d 191, 194 (Fla. 2d DCA 1992); McConnell v. McConnell, 552 So.2d 237, 239-40 (Fla. 1st DCA 1989).
Accordingly, we reverse the trial court's order which modified the father's child support obligation and remand this cause for proceedings consistent with this opinion.
REVERSED and REMANDED.
DAUKSCH and GRIFFIN, JJ., concur.
NOTES
[1] We remind trial counsel that this narrow exception is limited to errors of law which clearly appear on the face of the judgment. In this regard, we strongly admonish trial counsel of the importance of having a court reporter present at all evidentiary proceedings in order to preserve a client's right to a meaningful appeal.
[2] Even if the $20,000 represented entirely disability severance pay, such funds are subject to state child support orders. See Rose v. Rose, 481 U.S. 619, 634, 107 S.Ct. 2029, 95 L.Ed.2d 599 (1987) (federal laws preventing the attachment of veterans' disability benefits do not preclude state courts from enforcing, by contempt, child-support orders even where such disability benefits represent the veteran's only source of income and would necessarily be used to pay child support because these benefits are intended to support not only the veteran, but the veteran's family as well).