CAMPBELL, Acting Chief Judge.
In this dissolution action, appellant, Eugene H. Santoro (Husband), has raised six issues on appeal. We affirm on all issues but the one challenging the award of permanent periodic alimony, which award we reverse and remand for reconsideration due to an improper finding.
In its findings in support of the award of permanent periodic alimony, the court specifically found that Husband’s marital misconduct, consisting of many affairs on Husband’s part, which caused appellee, Edda L. Santoro (Wife), years of emotional distress, was one of several factual bases relied upon by the trial judge for the award. However, the rule in such eases is that unless such marital misconduct causes a depletion of marital assets, thus affecting one spouse’s ability to pay alimony or the other spouse’s need for alimony, it may not be used as a basis for an award of alimony. Noah v. Noah, 491 So.2d 1124 (Fla.1986); Heilman v. Heilman, 610 So.2d 60 (Fla. 3d DCA 1992).
Since the court’s finding here is not based upon a further finding of any untoward financial effects of Husband’s adultery, but is based on the emotional consequences to Wife, we conclude that the court erred in considering evidence of Husband’s marital misconduct in fashioning an award of permanent periodic alimony. See Green v. Green, 501 So.2d 1306 (Fla. 4th DCA 1986), rev. denied, 513 So.2d 1061 (Fla.1987).
We, accordingly, reverse and remand the award of permanent periodic alimony, based, as it is, on an improper consideration. In doing so, we observe that the record before this court is deficient insofar as there is no transcript because no court reporter was present at the hearing. See Hirsch v. Hirsch, 642 So.2d 20 (Fla. 5th DCA 1994); Casella v. Casella, 569 So.2d 848 (Fla. 4th DCA 1990). We note further that the documentary record that we do have, containing copies of the parties’ income tax returns, does not support the court’s imputation of $3,000 per month in income to Husband. In the absence of a transcript, however, we are unable to determine conclusively that an error was made. On remand, we recommend that the court’s findings in support of any alimony awarded be more specific and reflect record support.
The absence of a transcript has similarly caused us to affirm Husband’s other issues due to the presumption of correctness enjoyed by the trial court and the fact that it is Husband’s burden to provide this court with a record that supports his position. In the absence of same, we are forced to affirm except as to this award of permanent periodic alimony.
SCHOONOVER and QUINCE, JJ., concur.