701 So.2d 110 (1997)
Dana Elliott COMPTON, Appellant,
v.
William Charles COMPTON, Appellee.
No. 96-2981.
District Court of Appeal of Florida, Fifth District.
October 10, 1997.
Rehearing Denied November 13, 1997.
*111 Brenda Lee London, P.A., Orlando, for Appellant.
James J. Partlow and Catherine D. Reischmann of Stenstrom, McIntosh, Colbert, Whigham & Simmons, P.A., Sanford, for Appellee.
THOMPSON, Judge.
Dana Elliott Compton ("former wife") appeals the final orders of the trial court modifying the final judgment of dissolution and denying her motion for rehearing. We affirm.
The former wife filed a petition to modify the final judgment, seeking sole parental responsibility instead of shared parental responsibility for her minor child. The former husband, William Charles Compton, filed a counter petition to modify the final judgment, alleging that he should have sole parental responsibility instead of shared parental responsibility. Both stated that a substantial change of circumstances had occurred and that it was in the best interests of the minor child to change custody. After conducting a three day hearing, the trial court granted the former husband's counter petition and denied the former wife's petition for modification and motion for rehearing. It is from these rulings that this appeal ensued.
The trial court determined that a substantial change in circumstances had occurred to warrant a change in primary residential status from the former wife to the former husband and that the change was in the best interest of the minor child. Specifically, the court found it compelling that the former wife "committed overt alienation of the parties' minor child toward the [former husband]." The trial court also found that the former wife interfered with the former husband's visitation, interfered with the former husband's "telephone calls to the parties' minor child" and failed to advise the former husband of "social activities the parties' minor *112 child has participated in as well as some academic nondisclosures."
On appeal, the former wife argues that the court's ruling was error because the former husband failed to establish a substantial and material change in circumstances since entry of the final judgment of dissolution and because there is no evidence that a change in primary residence would be in the minor child's best interests. The former husband argues that the record on appeal provides no basis upon which to reverse the trial court's order because the record does not contain all the evidence considered by the trial court, and because no error of law appears on the face of the order. We agree with the former husband.
The record on appeal lacks a transcript of the two portions of the hearings in which the former husband presented witnesses. These witnesses may have given the trial court evidence to support his findings; we do not know. It was the former wife's obligation to provide this court with a record on appeal to support her argument. Applegate v. Barnett Bank, 377 So.2d 1150 (Fla. 1979). The fact that there was no court reporter at the hearings did not deprive the former wife of an opportunity to create a record. She could have availed herself of the procedure to prepare a statement of the evidence or proceedings pursuant to Florida Rule of Appellate Procedure 9.200(b)(4). She did not. Absent a transcript, the record lacks a basis to reverse the trial court's decision. We could reverse the order if an error of law appears on the face of the order even without a transcript. Sugrim v. Sugrim, 649 So.2d 936 (Fla. 5th DCA 1995); Hirsch v. Hirsch, 642 So.2d 20 (Fla. 5th DCA 1994). Here, however, there is no error in the trial judge's detailed findings supporting the change of custody.
Section 61.13(4)(c)[1] permits a change of custody if the custodial parent interferes with visitation. This court has held that interference with a noncustodial parent's visitation rights is sufficient to warrant a change in custody if such a change is in the child's best interests. Steiner v. Romano-Steiner, 687 So.2d 21 (Fla. 5th DCA 1996); Williams v. Williams, 676 So.2d 493 (Fla. 5th DCA 1996); Tucker v. Greenberg, 674 So.2d 807 (Fla. 5th DCA 1996). From the order, it appears that the former wife's interference with telephone calls and visitation and failure to advise the former husband of the child's social activities constitute the former wife's disobedience of the final judgment regarding visitation. Further, the trial court found that the former husband would facilitate visitation.[2] The findings of the trial court support its conclusion that a change of primary responsibility is in the best interests of the child. See Steiner; Williams.
AFFIRMED.
ANTOON, J., concurs.
GRIFFIN, C.J., concurs specially, with opinion.
GRIFFIN, Chief Judge, concurring specially.
Most of the reasons given by the lower court for ordering the custody change are legally insufficient; only the bare finding that appellant "intentionally disobeyed the Final Judgment of Dissolution of Marriage regarding the minor child's visitation with Respondent/Former Husband" could be a proper basis to make the change. Appellant says that the court acknowledged that any visitation problems had long since been solved but we have no way to determine that *113 the evidence does not support the court's finding.
NOTES
[1] Section 61.13(4)(c), Florida Statutes (1995), provides:

(c) When a custodial parent refuses to honor a noncustodial parent's visitation rights without proper cause, the court may:
* * * * * *
2. Award the custody or primary residence to the noncustodial parent, if the award is in the best interests of the child.
[2] See §§ 61.13(3)(a)-(k), Fla. Stat. (1995).