710 So.2d 696 (1998)
Eneida CHIRINO, Appellant,
v.
Pedro R. CHIRINO, Appellee.
No. 97-01411.
District Court of Appeal of Florida, Second District.
May 1, 1998.
Ralph E. Fernandez of Fernandez & Diaz, P.A., Tampa, for Appellant.
Connie Mederos-Jacobs of Law Office of Connie Mederos-Jacobs, P.A., Bradenton, for Appellee.
PER CURIAM.
In this appeal, the former wife, Eneida Chirino, challenges the provisions in the *697 final judgment of dissolution that pertain to the marital home, alimony and attorney's fees and costs. We are compelled to affirm because, in the absence of a transcript, we are unable to determine conclusively that an error was made. See Santoro v. Santoro, 642 So.2d 86 (Fla. 2d DCA 1994). Instead, we must presume that the findings in the judgment are correct. See Hirsch v. Hirsch, 642 So.2d 20 (Fla. 5th DCA 1994).
The record contains no transcript of the final hearing because no court reporter was present. Therefore, we are unable to evaluate the former wife's allegations that error exists in the trial court's findings and conclusions. The decision of the trial court comes to this court clothed in a presumption of correctness, and the burden is on the appellant to demonstrate reversible error. See Casella v. Casella, 569 So.2d 848 (Fla. 4th DCA 1990). However, even where the appellant fails to provide a transcript, the absence of a transcript does not preclude reversal where an error of law is apparent on the face of the judgment. See Casella, 569 So.2d 848. Therefore, we must consider whether any of the issues raised address an error of law.
While it is not altogether clear to us why the trial court entered an order that will no doubt result in the former wife and minor child moving out of the marital home, we cannot say that the ruling is erroneous as a matter of law. Notwithstanding the fact that the law favors allowing the residential parent to reside in the marital home with the minor child, it is not per se error for the trial court to rule otherwise. Without a transcript, we cannot examine the testimony and evidence upon which the trial court based its ruling and, therefore, we affirm.
Affirmed.
ALTENBERND, A.C.J., FULMER, J., and RAMSBERGER, PETER, Associate Judge, concur.