PER CURIAM.
The former wife seeks review of a final judgment of dissolution of marriage. She complains about the trial court’s decision to award permanent periodic alimony and attorney fees to her 67-year-old legally blind husband, and about the distribution of the parties’ two' principal marital assets, which she asserts was unequal. The record contains no transcript of the final hearing, because no court reporter was present. The trial court’s judgment comes here clothed in *1216 a presumption of correctness, and it is the former wife’s burden to demonstrate reversible error. Chirino v. Chirino, 710 So.2d 696 (Fla. 2d DCA 1998). The absence of a transcript precludes intelligent review of any of the former wife’s eviden-tiary claims. From the face of the final judgment, we are unable to say that the trial court’s rulings regarding alimony and attorney fees constituted an abuse of discretion. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980). Accordingly, we affirm those awards. However, we cannot discern from the final judgment why the trial court apparently unequally distributed the parties’ two principal marital assets — the home and the former wife’s pension — in a way that seems to favor the former husband. Accordingly, we vacate the portion of the final judgment which distributes those assets and remand for further consideration of that issue pursuant to section 61.075, Florida Statutes (1995). The trial court shall include in its decision on remand the factual findings mandated by subsection (3) of that statute, so that intelligent appellate review will be possible.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED, with directions.
WOLF, WEBSTER and LAWRENCE, JJ., concur.