PER CURIAM.
The appellant and former husband, Mario Larrea, challenges the provisions in the final judgment of dissolution of marriage that relate to alimony, valuation of the marital home, valuation of the appellant’s pension, and attorney’s fees and costs. We affirm in part and dismiss in part.
We affirm the trial court’s judgment as it pertains to the issues of alimony, the marital home, and the appellant’s pension because the appellant has failed to provide this court with a transcript of the proceedings below. Without a transcript, we are unable to evaluate these evidentiary contentions raised by the appellant. See Chirino v. Chirino, 710 So.2d 696 (Fla. 2d DCA 1998). Furthermore, since we do not find any legal insufficiency on the face of the final judgment of dissolution of marriage, we affirm the final judgment without further discussion. See Casella v. Casella, 569 So.2d 848 (Fla. 4th DCA 1990)(stating that when a transcript is not provided with the record on appeal, a trial court’s final judgment can be reversed only if an error of law is apparent on the face of the final judgment).
In the appellant’s final issue on appeal, he contends that the trial court erred in awarding attorney’s fees and costs to the appellee and former wife, Linda Larrea. The trial court did not set the amount of the award of attorney’s fees and costs in the final judgment but simply stated that the appellee was entitled to fees and costs.
An order that establishes attorney’s fees and costs, but not the amount of fees and costs, is a nonfinal and nonappealable order. See Ritter v. Ritter, 690 So.2d 1372 (Fla. 2d DCA 1997). Thus, this court lacks jurisdiction to review the issue of entitlement to attorney’s fees and costs. See Id. at 1376. See also Montanez v. Montanez, 697 So.2d 184 (Fla. 2d DCA 1997). We therefore dismiss the attorney’s fee and cost issue without prejudice so that the appellant may appeal a subsequent final order which sets the amount of fees and costs.
Affirmed in part; dismissed in part.
PATTERSON, C.J., THREADGILL, and GREEN, JJ., Concur.