831 So.2d 724 (2002)
Dale POWERS, Appellant,
v.
Tami POWERS, Appellee.
No. 5D02-898.
District Court of Appeal of Florida, Fifth District.
November 8, 2002.
Rehearing Denied December 10, 2002.
Dale Powers, Kissimmee, Pro Se.
No Appearance for Appellee.
ORFINGER, R. B., J.
Dale Powers appeals an order denying his motion to modify the temporary alimony awarded to Tami Powers, his wife. We affirm.
Mr. Powers filed a petition for dissolution of marriage in November, 1999. Mrs. Powers counter-petitioned seeking an equitable distribution of the marital assets, alimony, and attorney's fees. With the exception of alimony and attorney's fees, all issues were resolved between the parties at mediation in March, 2000. In September, 2000, Judge Roger J. McDonald ordered Mr. Powers to pay Mrs. Powers $500 per month in temporary alimony. Subsequently, Mrs. Powers's attorney withdrew, and in February, 2001, Judge McDonald appointed counsel for her.[1] Mr. Powers, who was then unrepresented, filed a motion seeking to be relieved of his obligation to pay temporary alimony. Following a hearing before Judge Carol E. Draper, Mr. Powers's motion was denied based on the trial court's conclusion that he failed to demonstrate a substantial change in circumstances.
Mr. Powers failed to provide this court with a transcript of the hearing on his motion seeking to modify the temporary alimony award. An appellant has the burden to bring forward a record adequate to demonstrate reversible error because we presume the decision of a trial court to be correct. Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla. 1979). "Absent a transcript, the record lacks a basis to reverse the trial court's decision." Compton v. Compton, 701 So.2d 110, 112 (Fla. 5th DCA 1997). Accordingly, we affirm the order being reviewed.
We are, however, concerned about the delay in bringing this matter to a conclusion. Trial judges are tasked with taking charge of all cases at an early stage in the litigation and controlling the process of each case thereafter until the case is determined. Fla. R. Jud. Admin. 2.085(b). The supreme court's guideline for resolving contested domestic relations cases is 180 *725 days. Fla. R. Jud. Admin. 2.085(d)(1)(C). Despite that guideline, this dissolution matter, filed in November, 1999, and substantially resolved through mediation several months later, still languishes in the court system. This is no doubt due in part to the fact that at various times in the litigation, one or both of the parties has been unrepresented, but that fact notwithstanding, this case is long overdue for resolution. While we are sympathetic to the considerable work load shouldered by this state's trial judges, we must assure that justice is dispensed in a timely manner. Accordingly, while we affirm the order on review, on remand, we direct the trial court to set this matter for trial on an expedited basis and resolve it promptly.
AFFIRMED AND REMANDED WITH DIRECTIONS.
HARRIS, J., concurs.
GRIFFIN, J., concurs in result only.
NOTES
[1] The order appointing counsel for Mrs. Powers offers no reason for doing so and we are unaware of any basis that would permit the court to appoint counsel for an otherwise competent party in a dissolution case, particularly if done at public expense.