THOMPSON, C.J.
Larry Squires, pro se appellant, appeals the amended final judgment of injunction for protection against repeat violence pursuant to section 784.046, Florida Statutes. He argues that the trial court committed error by depriving him of due process. We affirm.
Squires contends that the final judgment, which prohibited him from seeing, contacting, or being in the vicinity of Catherine Darling, was entered without Squires having had the opportunity to present evidence at a full evidentiary hearing. He argues this is a violation of sections 784.046(6)(c), 784.046(7)(d)(3)., Florida Statutes. The appellant claims error in the proceedings, yet he has not provided this court with a transcript of the proceedings below. Without a transcript, this court is unable to determine if there was error. Thus, the presumption of correctness which attached to the final judgment is preserved. Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla.1979). In Applegate, the supreme court held that:
In appellate proceedings the decision of a trial court has the presumption of *279 correctness and the burden is on the appellant to demonstrate error.
[[Image here]]
When there are issues of fact the appellant necessarily asks the reviewing court to draw conclusions about the evidence. Without a record of the trial proceedings, the appellate court can not properly resolve the underlying factual issues so as to conclude that the trial court’s judgment is not supported by the evidence or by an alternative theory. Without knowing the factual context, neither can an appellate court reasonably conclude that the trial judge so misconceived the law as to require reversal.
Id. at 1152. Compare, Calle v. Calle, 625 So.2d 988 (Fla. 2d DCA 1993) (affirming award of fees where record did not show lack of notice and opportunity to be heard).
This court ordered the appellant to provide a record of the proceedings pursuant to Florida Rule of Appellate Procedure 9.200(b)(4) if no court reporter was present at the hearing. Although the appellant provided a purportedly accurate statement of the proceedings, it was not served upon the appellee for corrections or amendments, as required by Rule 9.200(b)(4). The rule also requires that after being served upon the appellee for corrections or amendments, the statement “shall be submitted to the lower tribunal for settlement and approval.” Id. We have stricken the statement because the appellant did not comply with the rule. Because appellant has not met his burden of proving error, we affirm.
AFFIRMED.
PETERSON and PLEUS, JJ., concur.