882 So.2d 483 (2004)
Edward L. POLING and Elizabeth B. Poling, Appellants,
v.
PALM COAST ABSTRACT AND TITLE, INC., Appellee.
No. 5D03-558.
District Court of Appeal of Florida, Fifth District.
September 17, 2004.
*484 Edward L. Poling and Elizabeth B. Poling, pro se.
Steven J. Guardiano, Daytona Beach, for Appellee.
THOMPSON, J.
Edward L. Poling and Elizabeth B. Poling ("the Polings") appeal a final judgment for money damages in the amount of $9,664.32. We affirm because the trial court did not abuse its discretion.
Palm Coast Abstract and Title, Inc. ("Palm Coast") filed a two-count complaint *485 against the Polings for civil theft and, alternatively, conversion of money that had been overpaid to the Polings at the closing of the sale of their real property to a third party.[1] The Polings filed an answer, counter-claim, and a third-party complaint that raised 18 separate defenses and alleged four counts of relief. The trial court entered an order requiring the parties to hold a pre-trial conference, ordering mediation, and setting the matter for a one-day, non-jury trial.[2] The Polings appeared for the pre-trial conference, but did not attend the mediation. They notified the mediator by fax that they would not attend until Palm Coast complied with their outstanding discovery demands. After being notified by the mediator that they must reschedule the mediation before the trial and that they should contact the trial court and the opposing party, the Polings took no action. On the day of trial, the Polings failed to appear.
The trial court received an affidavit from Palm Coast's president confirming that the Polings were overpaid at closing and that the Polings had refused Palm Coast's demand that they return the money. The trial court entered a judgment in favor of Palm Coast for $9,664.33, including costs and interest. Further, the trial court granted Palm Coast's motion to strike the Polings' pleadings for failure to comply with court orders, finding that the Polings had failed to comply with the pre-trial order, had failed to appear for trial, and had failed to attend mediation.
First, the Polings have not filed a transcript of the proceedings below. As the appealing party, the Polings carry the burden of providing this court with a record adequate to demonstrate reversible error. Because a trial court's decision is presumed to be correct, the trial court is presumed to have ruled correctly absent a record that demonstrates error. Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla.1979); Roach v. Unemployment Appeals Com'n., 873 So.2d 617 (Fla. 5th DCA 2004); Powers v. Powers, 831 So.2d 724 (Fla. 5th DCA 2002); Compton v. Compton, 701 So.2d 110 (Fla. 5th DCA 1997). In the absence of a transcript, the trial court's factual findings are presumed correct. Applegate, 377 So.2d at 1152; Squires v. Darling, 834 So.2d 278 (Fla. 5th DCA 2002). The exception is that an appellate court can reverse a judgment as a matter of law where an error of law is apparent on the face of the judgment. Hirsch v. Hirsch, 642 So.2d 20 (Fla. 5th DCA 1994); Casella v. Casella, 569 So.2d 848 (Fla. 4th DCA 1990). Here, the judgment contains no such errors.
More important in this case is the Polings' contumacious flouting of court orders. They received notice of the mediation order and notice of trial, yet they elected to attend neither. Even after being notified by the mediator that they needed to contact the trial court and the opposing party to reschedule mediation before trial, the Polings did not comply. In Arango v. Alvarez, 585 So.2d 1131 (Fla. 3d DCA 1991), the court stated:
[W]e find that it was not an abuse of the trial court's discretion to interpret the defendants' failure to appear at the calendar call, after the defendants had already *486 established a pattern of disobeying and/or ignoring the earlier orders entered by the court, as being willful and intentional, thereby justifying the entry of a default.
Id. at 1133.
The striking of pleadings and the entry of a default is the most severe of penalties and must be employed only in extreme circumstances. Mercer v. Raine, 443 So.2d 944 (Fla. 1983). However, the penalty is appropriate where the trial court finds that a party willfully refuses to comply with court orders. Id. The conduct must be flagrant, willful, or persistent. Kelley v. Schmidt, 613 So.2d 918 (Fla. 5th DCA 1993). In this case, the trial court's thorough findings in the final judgment demonstrate that on multiple occasions, the Polings willfully failed to comply with the court's orders.
AFFIRMED.
PETERSON and ORFINGER, JJ., concur.
NOTES
[1] The Polings received a check for $18,865.60 instead of the proper amount of $7,043.71. Although they signed the closing statement for the proper amount, the Polings negotiated the check.
[2] The trial court wrote in the pre-trial order: "Parties must file compliance as ordered within 10 days or pleadings shall be stricken and other sanctions imposed. Proposed jury instructions shall be filed within 30 days. Mediation is ordered." (Emphasis in the original).