974 So.2d 403 (2007)
Guillermo SOTO, Appellant,
v.
Maria Ines SOTO, Appellee.
No. 2D06-66.
District Court of Appeal of Florida, Second District.
January 5, 2007.
Neil Morales of The Morales Law Firm, P.A., Naples, for Appellant.
Melinda P. Riddle, Naples, for Appellee.
VILLANTI, Judge.
Guillermo Soto, the Former Husband, appeals the final judgment of dissolution of marriage to Maria Ines Soto, the Former Wife. The Former Husband raises two issues on appeal: (1) that the trial court miscalculated his income available for alimony and child support and (2) that the trial court erred in the equitable distribution award. We find merit in the Former Husband's first issue, and accordingly, we reverse the trial court's determination as to the Former Husband's income and remand *404 for further proceedings to recalculate alimony and child support. We reject without discussion the Former Husband's second issue.
When the trial court held the final hearing on the petition for dissolution of marriage, a court reporter was not present. In accordance with Florida Rule of Appellate Procedure 9.200(b)(4), the parties prepared a statement of the evidence that was subsequently approved by the trial court. Thus, as the evidentiary record, we have before us a twelve-page statement of the evidence, along with numerous financial exhibits. We conclude that the statement of evidence, which at best is a recitation of the final judgment, fails to provide an adequate basis for us to review the trial court's determination concerning the Former Husband's income. See Starks v. Starks, 423 So.2d 452, 453 (Fla. 1st DCA 1982) (holding that the statement of evidence was not "a sufficient substitute for . . . a hearing transcript"). Therefore, the factual findings in the final judgment must be affirmed.
The Former Husband argues that "even where the appellant fails to provide a transcript, the absence of a transcript does not preclude reversal where an error of law is apparent on the face of the judgment." Chirino v. Chirino, 710 So.2d 696, 697 (Fla. 2d DCA 1998). Such a situation is present here. On its face, the final judgment contains several errors that require us to reverse and remand for an evidentiary hearing on the issue of the amount of the Former Husband's income.
Because the trial court found that the Former Husband's testimony regarding his income was inaccurate, it attempted to calculate how much the Former Husband was actually earning by examining what he and the Former Wife were actually spending. However, the trial court's approach to achieve this goal, was to then total the amount of the parties' assets, divide that amount by the years of marriage, and obtain a quotient that would purportedly reflect how much the Former Husband was actually earning. The trial court then used this figure to set alimony and child support. Under the facts of this case, this was error.
While the approach of examining expenditures in order to determine income is legitimate, solely examining assets in a marriage of other than a nominal length to determine income is inherently flawed. Assets, especially when partially composed of real property as here, increase or decrease in value over time. Therefore, arbitrarily dividing their overall value by the number of years of the marriage will not yield a reliable reflection of the monies expended to acquire those assets; hence, the calculation will not reliably reflect current income. In addition to employing this flawed process, the trial court made several substantial mathematical errors which also necessitate reversal.
In listing the parties' assets, the trial court erroneously listed the G. Soto Lawn Service corporation bank account twice once valued at $108,142.63 and once valued at $108,100.53. Second, we are unable to determine whether the court's inclusion of two joint Bank of America savings accounts is correct. The record contains evidence in support of only one account, valued at $40,456.39. It appears that the "first account" is actually the ending balance listed in the Bank of America account statement and the "second account" is actually the qualifying balance on the same account statement. Notably, no account numbers appear in the final judgment. Additionally, the final judgment listed eighteen assets and added their values for a total "in excess of $400,500.00." (Emphasis added.) The trial court then arbitrarily rounded this imprecise number down to *405 the whole number of $400,500.00 and divided it by "the six year period between 1988 and 2004." There are sixteen years, not six, between 1988 and 2004. The court then used the resulting quotient of $66,750, based on the erroneous six-year period, as the amount of assets the parties had purchased each year. A correct calculation would have reflected a quotient of approximately $25,031. The court then used this erroneously calculated figure to extrapolate how much the Former Husband was actually earning.
Because significant errors are apparent on the face of the final judgment, we must reverse and remand for an evidentiary hearing on the issue of the Former Husband's income. See Larrea v. Larrea, 745 So.2d 440 (Fla. 2d DCA 1999) (finding that when a transcript is not provided in the record on appeal, a trial court's final judgment can be reversed only if an error is apparent on the face of the final judgment). At that time, the trial court may amend the monetary awards for alimony and child support if the trial judge deems the correct income recalculation makes this appropriate.
Reversed and remanded for an evidentiary hearing on matters related to the Former Husband's income, alimony and child support amounts; final judgment of dissolution of marriage affirmed in all other regards.
SALCINES and LaROSE, JJ., Concur.