FULMER, Judge.
Robin Vazquez, personal representative of the Estate of Walter J. Koshuba, challenges an order denying authorization to sell real property owned by the decedent, Mr. Koshuba. We reverse and remand for further proceedings because we conclude that the trial court erred in finding that “no cause of action or claim was timely filed by the purchaser,” Mr. Zilewicz.
On September 12, 2003, Mr. Koshuba signed a contract agreeing to sell real property to Mr. Zilewicz. Mr. Koshuba died on December 1, 2003, before the parties closed on the contract. In order to *985 enforce his right to purchase the property under the agreement, Mr. Zilewicz filed a Petition for Administration of the estate of Mr. Koshuba on June 17, 2005. The petition alleged, in part:
[Mr. Zilewicz] has an interest in these proceedings because of an obligation between [Mr. Zilewicz] and decedent’s estate. Said obligation consists of a purchase and sales agreement made by and between petitioner and decedent as evidenced by the Notice of Interest in Real Estate recorded in the Public Records of Sarasota County, Florida, under instrument number 2004099787. [Mr. Ziléw-icz] is willing to act as petitioner because the heirs have made no application to administer the estate.
The trial court appointed Robin Vasquez as personal representative of the estate. On September 16, 2005, Mr. Zilewicz filed an Amended Petition for Appointment of Guardian ad Litem to represent the interests of unidentified heirs. In this document, Mr. Zilewicz alleged: “Petitioner and the decedent entered into a sales and purchase agreement for the purchase of real property located in Sarasota County, Florida. A copy of said agreement is attached hereto as Exhibit A.” This document also lists the nature of assets in the estate as “Unimproved Real Property” and lists the approximate value at time of death as $7000.
On September 20, 2005, the trial court signed an order appointing Mary A. Byr-ski, Esq., as guardian ad litem to represent the claims of those unknown persons who may have an interest in the estate as heirs or devisees. The court later determined that the sole beneficiary of the estate was the surviving daughter of the decedent, Mykola Koshuba. A first publication of Notice to Creditors occurred on November 2, 2005.
On July 21, 2006, the Personal Representative filed a Petition Authorizing Sale of Real Property pursuant to the agreement signed by Mr. Koshuba. On August 18, 2006, the Guardian ad Litem filed an Objection to the Petition Authorizing Sale of Real Property citing four principal grounds: (1) that the contract signed by the decedent listed a sale price of $6800 and that the current fair market value of the property was approximately $70,000; (2) that the Personal Representative attached an appraisal to the petition reflecting a fair market value of $18,000 on December 1, 2003, but did not provide a current appraisal; (3) that the contract could no longer be enforced based on the statute of limitations for actions for specific performance; and (4) that “no claim has been timely filed in this probate proceeding by the alleged buyer, Ed Zilewicz.”
The Personal Representative petitioned to strike the objection, arguing: (1) that the statute of limitations was tolled because the decedent died before the expiration of the one-year statute of limitations for specific performance and (2) that Mr. Zilewicz’s ability to file a claim was preserved because he was not notified as a reasonably ascertainable creditor. The petition to strike also notes that “[t]he estate saw no reason to notify Mr. Zilewicz as a reasonably ascertainable creditor because he was the petitioner for the administration of the estate which would serve as his claim.”
A Statement of Claim was then filed by Mr. Zilewicz on October 18, 2006. On October 23, 2006, the trial court held a hearing on the petition to strike the objection.[1] The trial court took the matter *986 under advisement and directed the attorneys to provide the court with proposed orders by November 3, 2006. On November 2, 2006, Mr. Zilewiez filed a memorandum of law in which he asserted that he had set forth an adequate claim in his Petition for Administration, relying on May v. Illinois National Insurance Co., 771 So.2d 1143 (Fla.2000).
On the same day, the trial court entered its Order Denying Authorization of Sale of Real Property. The court adjudged that the Personal Representative was not authorized to sell because “no cause of action was timely filed by the purchaser in accordance with F.S. 733.702(1), F.S. 733.702(6) and F.S. 733.710.”
We agree with the Personal Representative’s assertion on appeal that Mr. Zilewicz’s written statements, made within his Petition for Administration and the Amended Petition for a Guardian ad Li-tem, were substantially sufficient to place interested persons on notice of his claim. The documents filed in the probate proceeding by Mr. Zilewiez are defective as to form, but they sufficiently state the character and extent of his claim.
In May, the court found that the substance of a claim against an estate was set forth in detail in documents filed within a probate proceeding:
[W]e would conclude that Mr. Prockup’s petition for the appointment of an administrator ad litem and his counter-petition for administration were defective, if at all, only as to the caption on the document, not substance. Section 733.703(1), Florida Statutes (1991), requires a creditor to file a “written statement of the claim” in probate proceedings involving a decedent’s estate. The statute does not set forth any requirements regarding the form and content of the claim. See id. Limited requirements can be found in Florida Probate Rule 5.490(a), which provides:
(a) Form. A creditor’s statement of claim shall be verified and filed with the clerk and shall state:
(1) the basis for the claim;
(2) the amount claimed;
(3) the name and address of the creditor;
(4) the security for the claim, if any; and
(5) whether the claim is due or involves an uncertainty and, if not due, then the due date and, if contingent or unliquidated, the nature of the uncertainty.
If a claim is defective as to form, then the probate court may allow a creditor to amend the claim at any time. See § 733.704, Fla. Stat. (1991) (“If a bona fide attempt to file a claim is made by a creditor but the claim is defective as to form, the court may permit the amendment of the claim at any time.”); Fla. Prob. R. 5.490(e) (“If a claim as filed is sufficient to notify interested persons of its substance but is otherwise defective as to form, the court may permit the claim to be amended at any time.”).
When the pleadings filed on behalf of the Prockups in the probate proceeding are compared to the elements of the rule, it becomes evident that all requirements were substantially satisfied. Mr. Prockup’s petition and counter-petition clearly stated the basis of his claim-as personal representative of his wife’s estate-against the Bradley Estate. Both *987 the petition and counter-petition established that Mr. Prockup was prosecuting a wrongful death action against the Bradley Estate based on the September 21, 1991, automobile accident. As ongoing litigation, it was clear that the damages being sought in such action were undetermined and unliquidated. Under these particular circumstances, it would be placing form over substance to hold that the petition and counter-petition did not satisfy the essential requirements of section 733.703 and rule 5.490(a). See generally 18 Fla. Jur.2d Decedents’ Property § 647 (1997) (stating that a “statement of claim need not be in any particular form, and it is sufficient if it states the character and amount of the claim”); 31 Am.Jur.2d Executors and Administrators § 659 (1989) (stating that the “contents of a claim should be liberally construed” and that “the form of the presentation [of a claim] is of little importance so long as it furnishes sufficient information of the extent and character of the claim”).
771 So.2d at 1160-61 (second alteration in the original).
We further conclude that a claim by Mr. Zilewicz was timely filed in accordance with sections 733.702 and 733.710, Florida Statutes (2003). In May, 771 So.2d at 1150, the court held that section 733.702, Florida Statutes (1991), is a statute of limitations that operates as a bar to claims not “ ‘filed within the later of 3 months after the time of the first publication of the notice of administration or, as to any creditor required to be served with a copy of the notice of administration, 30 days after the date of service of such copy of the notice on the creditor.’ ” Section 733.702(1) has since been amended to substitute “on or before” for “within,” thus allowing claims to be filed before the notice of administration. Ch. 2002-82, § 6, Laws of Fla. (eff. April 23, 2002). The amendment is pertinent to the instant case and renders the claim timely under section 733.702. Also, Mr. Zilewiez’s claim would not be time barred by the two-year statute of nonclaim in section 733.710, which bars claims not filed within two years after a person’s death.
Accordingly, we reverse the trial court’s order Denying Authorization of Sale of Real Property and remand for reconsideration of the petition filed by the Personal Representative.
Reversed and remanded for further proceedings.
DAVIS and WALLACE, JJ„ Concur.

. Although this court has not been provided with a transcript of the hearing that was held below, we can proceed to address the issue on appeal because the order contains a finding *986 and legal conclusion (that no claim was timely filed), which is refuted by the record. E.g., Chirino v. Chirino, 710 So.2d 696, 697 (Fla. 2d DCA 1998) (‘‘[E]ven where the appellant fails to provide a transcript, the absence of a transcript does not preclude reversal where an error of law is apparent on the face of the judgment.”).