DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT
_____

ANDREW G. IRICK, III,

Appellant,

v.

DUSTIN JONES,

Appellee.

No. 2D2023-1638
_____

June 21, 2024

Appeal from the County Court for Hillsborough County; J. Logan
Murphy, Judge.

Andrew G. Irick, III, pro se.

No appearance for Appellee.


ROTHSTEIN-YOUAKIM, Judge.

     Andrew Irick appeals from a final judgment in which the trial court
determined that he was contractually and primarily liable for debt that
his coworker, Dustin Jones, had incurred and was not entitled to recover
against Jones as an equitable subrogee.  On appeal, Irick claims that he
was entitled to equitable subrogation because he had merely been the
guarantor of loans made to Jones.  In the final judgment, however, the
court indicated that Irick had agreed—presumably at the bench trial—
that he was contractually and primarily liable for Jones's debt.

We have no transcript of the bench trial or of the ensuing hearing on Irick's motion for rehearing; consequently, we have no basis to evaluate the factual underpinnings of the trial court's facially correct legal conclusion that Irick was not entitled to equitable subrogation.[1] *See Kvinta v. Kvinta*, 277 So. 3d 1070, 1075–76 (Fla. 5th DCA 2019) ("When 'there is no transcript of the testimony presented to the trial judge,' an appellate court should 'give utmost credence to his fact findings, and assume there was the best imaginable evidence adduced to support them.' " (quoting *Hudson Pest Control, Inc. v. Westford Asset Mgmt., Inc.*, 622 So. 2d 546, 547 (Fla. 5th DCA 1993))); *see also Dade Cnty. Sch. Bd. v. Radio Station WQBA*, 731 So. 2d 638, 646 (Fla. 1999) ("Equitable subrogation is generally appropriate where, . . . [among other things,] the subrogee was not primarily liable for the debt . . . ."). Although we in no way condone the conduct by Jones that apparently gave rise to this action, we are constrained to affirm.

[1] This appeal was originally set for oral argument, but this panel canceled the argument—plainly, we could not have engaged in any fact finding of our own. *See Hall v. State*, 541 So. 2d 1125, 1128 (Fla. 1989) ("Appellate courts are reviewing, not fact-finding, courts."), *receded from on other grounds by Coleman v. State*, 64 So. 3d 1210 (Fla. 2011). Instead, we gave Irick the opportunity to supplement the record with any transcripts or filings pertinent to his claim on appeal that contrary to the trial court's findings, he had merely been a loan guarantor. *See* Fla. R. App. P. 9.200(f)(2) ("If the court finds the record is incomplete, it must direct a party to supply the omitted parts of the record. No proceeding will be determined, because of an incomplete record, until an opportunity to supplement the record has been given."). He did not avail himself of that opportunity. *See Esaw v. Esaw*, 965 So. 2d 1261, 1264–65 (Fla. 2d DCA 2007) ("The appellant has the burden of providing a proper record to the reviewing court, and the failure to do so is 'usually fatal' to the appellant's claims." (quoting *Casella v. Casella*, 569 So. 2d 848, 849 (Fla. 4th DCA 1990))); *see also* Fla. R. App. P. 9.200(e) ("The burden to ensure that the record is prepared and transmitted in accordance with these rules will be on the petitioner or the appellant.").

Affirmed.

MORRIS and BLACK, JJ., Concur.

————————————————

Opinion subject to revision prior to official publication.