# Third District Court of Appeal

## State of Florida

Opinion filed March 11, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0740
Lower Tribunal No. 23-CA-85-K
_____

## Lawrence R. Metsch,
Appellant,

vs.

## Torre Anthony Palmeno,
Appellee.

An Appeal from the Circuit Court for Monroe County, Timothy J. Koenig, Judge.

MetschLaw, P.A., and Lawrence R. Metsch (Hollywood), for appellant.

No appearance, for appellee.

Before EMAS, LOGUE and BOKOR, JJ.

PER CURIAM.

Affirmed.

EMAS and BOKOR, J., concur.

LOGUE, J., concurring.

In this case, attorney Lawrence R. Metsch appeals the trial court's order requiring him to reimburse the opposing party $1,500 for attorney's fees. I agree that this case is an affirmance. I write to remind lawyers that now more than ever it is important to comply with a trial court's pretrial order. I also write to note the way the seasoned trial court refused to be baited by an attorney who had "willfully" disobeyed the pretrial order, became "combative" when a motion for sanctions was being discussed, and challenged the court to dismiss the case. Rather than reflexively dismiss the case, the trial court proceeded to deliberate with patience and ultimately fashioned a measured remedy. The trial court's conduct in this regard represents the best of "the tradition of detachment and aloofness," as Judge Learned Hand wrote in 1946, "without which courts and judges will fail." Learned Hand, Concept of Judicial Function (1946), reprinted in The Spirit of Liberty, Papers and Addresses of Learned Hand, 181 (I. Dilliard ed., 1952).

We review a trial court's order imposing attorney's fees as sanctions under an abuse of discretion standard. Pub. Health Tr. of Miami-Dade Cnty. v. Denson, 189 So. 3d 1013, 1014 (Fla. 3d DCA 2016). It is a fundamental

2

principle of appellate procedure that a decision of the lower tribunal is presumed correct. The party challenging the decision has the burden of presenting a record establishing reversible error. Where the record is absent or contains gaps, the reviewing court must generally assume there was evidence or circumstances below supporting the trial court's decision. See, e.g., Poling v. Palm Coast Abstract &Title, Inc., 882 So. 2d 483, 485 (Fla. 5th DCA 2004). Concerning reasonable inferences that can be drawn from the absence of a record, the trial court wins all ties. Id.

The sanctions at issue resulted from Metsch's conduct at a pre-trial conference. On appeal, Metsch elected to provide no transcript. At Metsch's choice, the record before us consists largely of (1) the pretrial order; (2) the motion for sanctions; (3) the clerk's minutes; and (4) the trial court's order imposing sanctions. For Metsch to prevail, therefore, he must establish error on the face of this record.

The pretrial order expressly put Metsch on notice that failure to obey the order would result in sanctions. The opposing party filed a motion for sanctions based on Metsch's disobedience of the pretrial order and expressly asked for attorney's fees against Metsch. This put Metsch on notice that he was subject to attorney's fees. And the clerk's minutes indicate

3

that the motion for sanctions was argued without objection at the pretrial conference. On this point, the court minutes read:

> Judge addresses trial order; Metsch responds; Dickman [Appellee's counsel below] responds re: multiple deadlines missed, no mediation and **therefore filed motion for sanctions**, Metsch responds . . . [the opposing counsel] responds to clarify timeline of events and **renews motion for sanctions**.

(emphases added). Making allowances for the fact that the clerk's minutes reflect a type of legal shorthand, this language that the opposing counsel discussed the grounds for his motion for sanctions and "renew[ed] motion for sanctions" means the motion was heard. At the very least, this language supports a reasonable inference the motion was argued. And there is no reference to any objection.

Furthermore, and unfortunately for Metsch, the trial court's order imposing sanctions provides more detail. The sanctions order reflects:

- Prior to the pretrial conference, the opposing counsel filed a motion for sanctions against Metsch for failure to cooperate in obeying the pretrial order.

- At the pretrial conference, the opposing counsel averred Metsch completely refused to cooperate in scheduling mediation or fulfilling the other pretrial requirements.

4

- The trial court raised Metsch's failure to obey the pretrial order and gave him an opportunity to justify his disobedience to the order.

- Metsch "responded that he did not agree with the mediation requirement in this case due to the fact that his client was battered by the defendant. He was otherwise dismissive about not complying with the requirement that plaintiff's counsel initiate the conference to complete the pre-trial stipulation and jury instructions and verdict form, as well as mediation, indicating he 'could get it done [later].'"

- The trial court asked Metsch why he had not moved the court for relief from the mediation requirement rather than deciding unilaterally no mediation would occur.

- In response, Metsch "became combative, indicating he would no longer respond to the court and inviting the court to dismiss the case so he could appeal it to the Third District Court of Appeal."

- The trial court expressly found that Metsch's disobedience was "willful"; his conduct was "contumacious" and "disrespectful"; Metsch failed to offer any justification for his disobedience; the delay caused by Metsch's disobedience prejudiced the opposing

party; and the delay, which was in a case filed in February 27, 2023, and concerned a pretrial order entered on March 15, 2023, "presents significant problems for judicial administration given that the case is well past the applicable time standards."

- However, the trial court also found that Metsch had not misbehaved in this manner before and Metsch's client did not appear to be involved.

- The trial court specifically considered dismissing the case (as Metsch had challenged it to do) with and without prejudice but declined to do either.

- Instead, the trial court ruled:

> A less harsh sanction is warranted under the circumstances, and the court is awarding fees against plaintiff's counsel associated with the pretrial conference and the time involved by defendant's counsel in attempting to confer with plaintiff's counsel to gain compliance with the court's orders, including the filing of Defendant's Motion for Sanctions. The court finds that $1,500.00 is a reasonable fee to be awarded as a sanction against plaintiff's counsel.

Thus, the trial court's detailed sanctions order addressed willfulness, previous sanctions, client involvement, justification, problems of judicial administration, lesser sanctions, intent, and attorney's fees. See Kozel v. Ostendorf, 629 So. 2d 817 (Fla. 1994). While some trial judges might have

reflexively dismissed the case in light of an attorney's defiant challenge for them to do so, the seasoned trial court here carefully fashioned a restrained, limited, and appropriate remedy. It is a model sanctions order.

The record reflects Metsch was not only given an opportunity to explain but that he did in fact explain—he argued mediation was not proper in the case. He was also asked and refused to explain why he had not filed a motion to dispense with mediation. Thus, the circumstances reflected in our limited record indicate Metsch received notice and an opportunity to present his position sufficient to meet due process. See De Leon v. Collazo, 178 So. 3d 906, 908 (Fla. 3d DCA 2015) ("To be sufficient, notice must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" (quoting Mullane v. Cent. Hanover Bank & Tr. Co., 339 U.S. 306, 314 (1950))). This record does not support a conclusion that Metsch is entitled to more opportunities to explain.

Finally, the trial court expressly found that Metsch's disregard of the court order was "willful." In Mercer v. Raine, 443 So. 2d 944 (Fla. 1983), the Florida Supreme Court upheld the striking of an answer for failure to obey a discovery order because "the trial court found that the defendant's actions

7

amounted to willful disregard." Id. at 947. "Willful disregard" is exactly what the trial court found here.

We have rightfully insisted that "the trial court must maintain control of the courtroom and uphold the dignity of the legal process by enforcing obedience to court orders." Masten v. State, 159 So. 3d 996, 997–98 (Fla. 3d DCA 2015). Moreover, we are in a new era where the Florida Supreme Court has directed trial courts to strictly manage their cases and timely move cases to resolution as society rightly expects in a properly administered court system. In re Amends. to Fla. Rules of Civ. Proc., 402 So. 3d 925, 926 (Fla. 2025) (promulgating amendments to multiple rules of civil procedure to "create[ ] a framework for the active case management of civil cases"); In re Amends. to Fla. Rules of Civ. Proc., 386 So. 3d 497, 499 (Fla. 2024) (recognizing that the administration of justice requires the disposition of cases "in a timely, cost-efficient, and accountable manner"). As appellate courts, we need to ensure trial courts have the tools to undertake the active case management the Florida Supreme Court has directed, including the ability to sanction the willful disobedience to pretrial orders shown here. Reviewing courts must be careful not to undermine the ability of trial courts to do so.