CASANUEVA, Judge.
In this appeal involving primary residential responsibility for a minor child, the parties have raised a number of issues, only one of which has merit. In her cross-appeal in case number 03-3523, Ms. Bland contends that the trial court erred by failing to consider child care expenses when it fashioned the child support award. We agree.
Section 61.30(7), Florida Statutes (2002), mandates that child care costs incurred due to a parent’s employment or job search be adjusted and included in the child support calculation. Ms. Bland had been employed in Arizona but was required to return to Florida with the child; the record suggests that she will continue to be employed in Florida. On remand, the trial court must determine whether Ms. Bland meets the statutory criteria and, if so, calculate the appropriate child support award. If the evidence discloses that the child is being cared for by a family member, the trial court should *1240 make the necessary factual findings to support that conclusion.
Affirmed in part; reversed in part; remanded with instructions.
ALTENBERND and VILLANTI, JJ., Concur.