948 So.2d 903 (2007)
Cynthia A. NOURSE, Appellant,
v.
Dennis E. NOURSE, Appellee.
No. 2D05-2830.
District Court of Appeal of Florida, Second District.
February 9, 2007.
Gary S. Dolgin, Tampa, for Appellant.
Sandra A. Sutliff, Port Charlotte, for Appellee.
CURRY, CHARLES B., Associate Judge.
Cynthia A. Nourse ("wife") appeals the judgment of dissolution of her twenty-three-year marriage to Dennis E. Nourse ("husband") and challenges the trial court's determination of equitable distribution, alimony award, and denial of her request for attorney's fees. We have carefully reviewed the record and have determined that the trial court's award of equitable distribution was supported by competent, substantial evidence in the record and is not an abuse of discretion. We affirm the equitable distribution as well as the trial court's award of attorney's fees without further discussion. However, because we find that the trial court should have awarded at least nominal permanent alimony, we reverse.
The Nourses were married on June 9, 1979. They did not have any children. Both parties have college degrees. The husband is employed with the State of Florida, although he has been informed that his position will be terminated within three to five years. The wife worked from her home for about fifteen years assembling goggles for an eyewear distributing company, but she is currently unemployed. The wife claims that she is currently permanently disabled as a result of bipolar disorder, diagnosed approximately fifteen years before the dissolution, and can no longer obtain meaningful work. Her claim was supported by unrebutted testimony from her physician.
The trial court denied the wife's request for permanent alimony, awarding her only $9000 of bridge-the-gap alimony, i.e., $500 per month for eighteen months, "to assist her in her transition from marriage to single life." The trial court further determined that both parties were leaving the marriage in essentially comparable financial *904 positions, "except for the wife's current unemployment," and based its decision to award bridge-the-gap alimony on its finding that the wife will be able to regain some type of employment once the stress of the divorce is concluded.
Neither party challenges the award of bridge-the-gap alimony. The wife argues, however, that the trial court should have awarded her additional permanent periodic alimony because she is permanently disabled and will never be able to return to gainful full-time employment. The wife's psychiatrist testified that she suffers from bipolar disorder and that her condition is probably life-long. The wife's psychiatrist did concede that if the wife takes her prescribed medication and follows his recommendations such as quitting smoking, attending therapy, daily exercise, and a proper diet and vitamin regimen, she could show some improvement and might be able to work in the future. However, he indicated that such work would probably be limited to menial labor (such as "flipping burgers"), and that she would probably not be able to work at her desired occupation or in the area in which she is trained to work currently. Conversely, the husband presented no evidence refuting the psychiatrist's findings or indicating there is any reasonable probability the wife will actually be mentally or physically able to obtain meaningful employment enabling her to become self-supporting within eighteen months.
Based on the evidence presented, the trial court's finding that the wife "will be able to regain some type of employability once the stress of the divorce is concluded" is not supported by competent, substantial evidence in the record. Therefore, we conclude that the trial court abused its discretion by failing to award at least nominal permanent alimony. We understand the trial court's concerns regarding the husband's future job prospects and the fact that there is a possibility that the wife might be able to return to work. However, we conclude that the historic incomes of the parties, the length of the marriage, and the wife's potential future needs require an award of at least a nominal amount of permanent alimony. An award of nominal permanent alimony will accomplish two goals: first, it will permit the wife to petition the trial court to pursue a future increase in permanent alimony should she continue to be unable to work, and second, it will preserve the jurisdiction of the trial court to revisit the matter as the parties go on with their new lives. See Blanchard v. Blanchard, 793 So.2d 989, 992 (Fla. 2d DCA 2001).
We do not strike the trial court's award of bridge-the-gap alimony; however, we reverse and remand with directions for the trial court to make an additional award of at least nominal permanent alimony. All other aspects of the trial court's order are affirmed.
Affirmed in part, reversed in part and remanded with instructions.
ALTENBERND and WHATLEY, JJ., Concur.