965 So.2d 164 (2007)
James B. WHITE, III, Appellant/Cross-Appellee,
v.
Barbara B. WHITE, Appellee/Cross-Appellant.
No. 5D05-3219.
District Court of Appeal of Florida, Fifth District.
August 3, 2007.
Rehearing Denied October 1, 2007.
*166 Steven J. Guardiano, Daytona Beach, for Appellant/Cross-Appellee.
Horace Smith, Jr., of Smith, Hood, Perkins, Loucks, Stout, Bigman, Lane & Brock, P.A., Daytona Beach, for Appellee/Cross-Appellant.
PALMER, C.J.
James White (husband) appeals the asset distribution provisions of the trial court's final dissolution order. Barbara White (wife) cross-appeals, contending that the trial court erred in failing to award her a larger share of the parties' marital assets. Finding no reversible error, we affirm the trial court's final judgment in its entirety.
The husband filed a petition seeking dissolution of the parties' twenty-three year marriage. The wife filed an answer and counter-petition indicating that she had filed a petition for divorce in West Virginia (the location of the parties' marital home) and that, in connection with that proceeding, the husband agreed to pay her temporary support in the sum of $12,000 per month as well as her health insurance premiums and medical expenses but that, when the husband contested the jurisdiction of the West Virginia court based on the fact that he had relocated to Florida, the court in the West Virginia dismissed the wife's petition. The husband then filed his dissolution of marriage petition in Florida. Upon filing his petition, the husband ceased making any temporary payments to the wife.
The husband filed a financial affidavit, claiming annual income of $185,000 and total marital assets of approximately $8.5 million. The wife filed a financial affidavit indicating she was unemployed and in ill health, having been diagnosed with an inoperable brain tumor. She listed no income and estimated that the marital assets totalled in excess of $20 million. She also stated that she had no access to the parties' financial accounts.
The trial court entered an order awarding the wife $12,000 per month in temporary support. Thereafter, during the course of protracted pretrial discovery, the trial court entered an emergency temporary injunction freezing the husband's accounts and ordering him to cease dissipating the parties' marital assets because the husband was engaging in a course of conduct aimed at concealing the extent of the parties' marital assets. The court further ordered the husband to file truthful financial statements.
During trial, the husband admitted that he did not reveal to the court or to the wife the fact that he had deposited $1 million from the sale of the parties' business in a non-disclosed bank account. He further indicated he was a signatory on two bank accounts in Ohio which were not disclosed on his financial statement. One account was opened with a $50,000 deposit and the other account received a transfer of $642,000 from one of husband's three other accounts.
The trial court entered a final dissolution order which essentially granted each party an equal share of the marital assets. The court did not award the wife alimony, but did order the husband to contribute to the wife's attorney's fees due to his misconduct during the course of these dissolution proceedings.
*167 In challenging the dissolution order, the husband first argues that the trial court erred in denying his request for a $2 million special equity in his pre-marital business. We find no error.
"A special equity is a vested property interest brought into the marriage or acquired during the marriage because of a contribution of services or funds over and above normal marital duties." Dyson v. Dyson, 597 So.2d 320 (Fla. 1st DCA 1992). If a spouse claims a special equity in certain property, the burden is on that person to prove the claim. Hay v. Hay, 944 So.2d 1043 (Fla. 4th DCA 2006). Appellate review of a claim for special equity is subject to an abuse of discretion standard. Caruso v. Caruso, 814 So.2d 498 (Fla. 4th DCA 2002).
The trial court did not abuse its discretion in rejecting the husband's claim for a special equity since the record demonstrates that the claim was essentially based solely upon his testimony regarding the value of his business and, as the trier of fact, the trial court was entitled to find that such testimony lacked credibility. As we held in Escudero v. Escudero, 739 So.2d 688, 692 (Fla. 5th DCA 1999): "Although the court could have found a special equity existed here, it could also have denied such a finding, as it did. The court did not have to believe [the husband's] testimony, even if unrebutted. [Citation omitted.] [His] credibility was clearly challenged in this proceeding and he had the burden of establishing a special equity."
The husband next argues that the dissolution order must be reversed because the trial court failed to properly distribute the parties' marital assets. We disagree.
The husband first challenges the trial court's distribution scheme by arguing that the court erred in failing to credit the wife with $612,000 she received as temporary support during the pendency of the dissolution proceeding.
The trial court held that the temporary support funds did not constitute alimony, but instead, distribution of marital assets; however, the court did not place a value representing the wife's temporary support as an item on its equitable distribution schedule. Importantly, the court similarly did not place a value on marital funds which the husband used to support himself during the course of the instant proceedings in its distribution schedule. The trial court apparently reasoned that the wife's receipt of $12,000 per month in support constituted the equivalent of the husband's use of the parties' marital assets to support himself during the course of these proceedings since the wife's expert testified that the husband expended in excess of $600,000 in unaccounted for monies during the course of the dissolution proceedings. On this record, the trial court did not err in failing to account for the monies expended by the parties for their monthly expenses since those totals were essentially equivalent.
The husband next argues that the trial court reversibly erred in failing to account for $300,000 in motor vehicles which were purchased by the wife during the course of the dissolution proceedings since the court charged the husband with the value of the vehicles which were in his possession. We again disagree because the wife expressly testified that she used the funds which were distributed to her from the sale of the parties' business to pay for the purchase of said vehicles. If the trial court had charged the wife for both the funds received from the sale of the parties' business and the value of the vehicles which she purchased by using such funds then the court would have improperly double counted said assets, thereby *168 improperly decreasing the value of the wife's distribution award. In contrast, the trial court properly charged the husband with the value of several of his vehicles because the husband was unable to establish the source of the funds which were used to acquire same.
The husband next challenges the fact that the trial court failed to charge the wife with the value of her personal jewelry and furs, yet charged him with his purchase of jewelry for his girlfriend. However, the husband was not charged with the value of his personal jewelry and the husband's purchase of jewelry for his girlfriend was found by the trial court to constitute dissipation of the parties' marital assets. The record contains sufficient evidence to support that finding.
The husband next challenges the fact that the trial court failed to set forth in the wife's equitable distribution schedule $116,000 in loans which the wife gave to family members and the value of cars which the wife purchased for family members during the course of the instant proceedings. In so arguing, the husband again ignores the fact that all of the funds which the wife expended on said loans and cars derived from the temporary support payments she received during the course of this dissolution proceeding.
The husband next argues that the trial court erred in failing to account for sums which the wife testified were held in a Bank of America account and a Behr Credit Union account. However, the husband fails to cite to any portion of the record which supports his claim, and independent review of the record fails to reveal such testimony. As such, the husband has failed to sustain his burden of proving error.
The husband next challenges the trial court's valuation of the husband's life insurance policy as being worth $35,344. However, the husband testified that his insurance policy appeared to have a cash surrender value of $35,000, and that he believed that the policy was still in effect.
The husband also claims that the trial court improperly "double-charged" him by crediting him with the value of his Ormond Beach home ($560,000) and for withdrawing $550,000 from his Bank One account since the husband used the funds from his BankOne account to pay for the purchase of the Ormond Beach home and its furnishings. In the dissolution order, the court articulated the basis for its ruling as follows:
The husband withdrew $550,000 from his BankOne account on August 14, 2000. He did advance over $300,000.00 to [his girlfriend] to close on the [Ormond Beach] house in October 2000, but he has never identified where those funds came from. He has also completely failed to disclose what he did with the $550,000.00 withdrawal. Since he was the only one controlling the accounts and the only one to have those records, his failure to produce the records and failure to explain his actions should not prejudice the innocent wife. These major transactions were clearly made after separation, and he should have known these withdrawals would be subject to judicial scrutiny in the future. Therefore, his failure to maintain complete records under those circumstances is beyond comprehension.
Although the husband testified regarding some of his expenditures, it is clear that the trial court did not find such testimony to be credible.
The husband also claims that the trial court "double-charged" him for the funds which he received from the sale of the parties' business and the deposit of those funds into his three personal bank *169 accounts. Again, the trial court cannot be held to have improperly "double-charged" the husband when the husband failed to present documentation tracing the source of funds for said accounts.
The husband also argues that the trial court erred in "double-charging" him for receiving in excess of $3 million from the sale of the parties' business and having substantial sums of money in several marital accounts. He argues that the trial court erred by failing to account for the fact that the source of these known assets derived from the sale of the parties' business. The burden was on the husband to provide the court with disclosure information which tracked the funds received by him from the sale of the parties' business to the accounts where same were deposited. The record demonstrates that the husband failed to sustain that burden.
The husband lastly argues that the trial court erred in refusing to find that his inheritance from his mother constituted a non-marital asset. We again disagree.
The burden of proof is on the spouse who wishes to show that an asset acquired during the marriage is not a marital asset. See Deas v. Deas, 592 So.2d 1221, 1222 (Fla. 1st DCA 1992). During trial, when asked what he did with his inheritance funds, the husband responded: "I commingled them with all the rest. . . . I commingled them with the rest and put them in my checking account." Based upon this admission of commingling, the trial court did not abuse its discretion in concluding that the husband failed to sustain his burden of proving that his inheritance funds were non-marital property.
On cross-appeal, the wife argues that the trial court abused its discretion by equally distributing the parties' marital assets, claiming that the court should have awarded her additional assets due to the fact that the husband engaged in egregious misconduct by fraudulently concealing the nature of the parties' financial holdings and in substantially dissipating marital assets during the course of the parties' separation.
A trial court's equitable distribution scheme is subject to appellate review pursuant to an abuse of discretion standard. Nourse v. Nourse, 948 So.2d 903 (Fla. 2d DCA 2007). Here, the trial court did not abuse its discretion in dividing the parties' marital assets equally because the court adequately addressed the husband's egregious misconduct by ordering him to pay for all the attorney's fees incurred by the wife as a result of his misconduct.
AFFIRMED.
SAWAYA, J., and MUNYON, L., Associate Judge, concur.