NORTHCUTT, Judge.
C.J.E., the mother, appeals a final judgment of paternity. She argues that the trial court erred by calculating child support without factoring in her child care expenses. We agree and reverse.
Child support in paternity actions is determined according to the guidelines in chapter 61, Florida Statutes. See § 742.031(1), Fla. Stat. (2008) (requiring court in paternity action to set child support pursuant to section 61.30). When calculating the basic child support obligation, the court is required to include seventy-five percent of a parent’s child care costs incurred “due to employment, job search, or education calculated to result in employment or to enhance income of current employment.” § 61.30(7), Fla. Stat. (2008). In this case, the court ordered S.D.A., the father, to pay child support retroactive to the child’s birth. But the court failed to include the mother’s child care costs when it determined the amount of child support.
Because this error is apparent on the face of the final judgment, we may correct it even though the record on appeal lacks *230 both a transcript and a statement of the evidence prepared under Florida Rule of Appellate Procedure 9.200(b)(4). See Wilcox v. Munoz, 35 So.3d 136, 139 (Fla. 2d DCA 2010) (reversing child support award, even in the absence of a transcript, when final judgment lacked factual findings on parties’ incomes, and noting error apparent on the face of the judgment in the trial court’s failure to properly factor in child care costs). Accordingly, we reverse and remand for the court to recalculate child support after including the child care costs incurred by the mother. See Waters v. Bland, 935 So.2d 1239 (Fla. 2d DCA 2006) (reversing child support award and remanding for trial court to address child care costs).
Reversed and remanded.
VILLANTI and BLACK, JJ., Concur.