BLACK, Judge.
 

 Robert Gulledge, the former husband, challenges the final judgment dissolving his marriage to Robyn Gulledge, the former wife. He raises issues regarding the trial court’s failure to set a deadline for refinancing or sale of the marital residence, failure to award alimony, and failure to reserve jurisdiction to award attorney’s fees. We conclude that the court erred with regard to all three issues. We therefore reverse the final judgment and remand for further proceedings.
 

 The parties were married on November 16, 1978, and had two children together. On May 28, 2009, the former husband filed a petition for dissolution of marriage. The former wife filed an answer and counter-petition. Both parties pleaded for exclusive possession of the marital residence and partition of the property, for alimony, and for attorneys’ fees. Following the final hearing, on December 16, 2010, the trial court entered its final judgment of dissolution of marriage.
 

 I. The marital residence
 

 The trial court awarded the former wife possession of the marital home and awarded the former husband one-half of the equity in the home. Pursuant to the final judgment, the former husband was to be paid his half of the equity upon the refinancing or sale of the home. The final judgment did not, however, include a date by which such refinancing or sale must occur.
 

 We agree with the former husband that the trial court erred by failing to include a deadline for the refinancing or sale of the marital home. If the trial court orders the sale of the marital home in the final judgment “the judgment must fix a reasonable deadline by which the sale must take place.”
 
 Sullivan v. Sullivan,
 
 363 So.2d 393, 395 (Fla. 2d DCA 1978)
 
 *1115
 
 (citing
 
 Carlsen v. Carlsen,
 
 846 So.2d 132, 133 (Fla. 2d DCA 1977)). As was the case in
 
 Sullivan,
 
 “[t]he judgment now before us is deficient because it sets no deadline for the sale of the home by the parties.”
 
 Id.
 
 We therefore reverse that portion of the final judgment which fails to set a deadline for sale or refinancing of the marital home and remand for the trial court to provide such deadline.
 
 See Blackmon v. Blackmon,
 
 969 So.2d 426, 430 (Fla. 1st DCA 2007).
 

 II. Alimony
 

 At the time of dissolution, the parties had been married for more than thirty years. “This constitutes a long-term marriage, which creates a presumption in favor of permanent, periodic alimony.”
 
 Fortune v. Fortune,
 
 61 So.3d 441, 446 (Fla. 2d DCA 2011) (citations omitted). In considering a request for permanent, periodic alimony, the trial court must consider the needs of the requesting spouse and the ability of the other spouse to pay.
 
 Schlagel v. Schlagel,
 
 973 So.2d 672, 676 (Fla. 2d DCA 2008). The trial court is also obligated to consider the factors set forth in section 61.08(2), Florida Statutes (2010).
 
 See id.
 
 Here, the transcript of the final hearing establishes that the section 61.08(2) factors were argued by the former husband’s attorney, but the trial court’s sole finding was that the former husband had no need. Further, the court did not impute any specific amount of income to the former husband; instead, the court found that the former husband was voluntarily underemployed and denied the requested alimony.
 

 It is undisputed that the former husband’s income, both during the marriage and during the dissolution proceedings, was substantially less than the former wife’s. However, given the former husband’s work history, we find no abuse of discretion in the court’s finding that the former husband was underemployed. We do, however, find an abuse of discretion in the court’s finding of no need and in its failure to award the former husband at least nominal permanent, periodic alimony.
 

 The evidence presented at the final hearing established that the former wife’s income was between $50,000 and $60,000 per year and that the former husband was underemployed. The evidence also established that the former husband’s income during the marriage never exceeded $15,000 per year. Thus, the trial court should have imputed to the former husband some income above what he had been making at the time of the final hearing— about $6,000 per year. The former husband has a GED, has worked as a mechanic, and has held various other positions, along with caring for his children and grandchildren. It appears to be uncontested that his monthly budget deficit was $923.80.
 

 In denying alimony where the evidence clearly supported need and did not support imputation of income near that of the former wife’s, the trial court clearly abused its discretion.
 
 See Sussman v. Sussman,
 
 915 So.2d 281, 285-86 (Fla. 4th DCA 2005). “[T]he historic incomes of the parties, the length of the marriage, and the [husband’s] potential future needs require an award of at least a nominal amount of permanent alimony.”
 
 Nourse v. Nourse,
 
 948 So.2d 903, 904 (Fla. 2d DCA 2007);
 
 see Liebrecht v. Liebrecht,
 
 58 So.3d 415, 419 (Fla. 2d DCA 2011).
 

 Thus, we reverse the denial of alimony and remand for the trial court to award at least nominal alimony of $1 per year to the former husband.
 
 See Schlagel,
 
 973 So.2d at 675-77 (concluding that an award of nominal permanent alimony would allow the trial court to increase the alimony award should the wife be unable to find
 
 *1116
 
 gainful employment in the amount imputed to her). In addition, on remand, the court should make specific factual findings with respect to the statutory factors enumerated in section 61.08(2), as required by section 61.08(1).
 
 See Sussman,
 
 915 So.2d at 286.
 

 III. Attorney’s fees
 

 Although requested by the former husband in his pleadings and at the final hearing, the trial court did not reserve jurisdiction to award attorney’s fees or address attorney’s fees at all. “Where the trial court fails to address a request for attorney’s fees and costs or to reserve jurisdiction to consider the issue, the final judgment should be reversed and remanded for entry of a corrected judgment reserving jurisdiction to address the request for attorney’s fees and costs.”
 
 Flores v. Flores,
 
 82 So.3d 838, 2011 WL 1261157 (Fla. 4th DCA 2011);
 
 see also Pignataro v. Rutledge,
 
 841 So.2d 636, 638 (Fla. 2d DCA 2003) (‘“When issues raised by the pleadings are properly before the trial court, it is error for the trial court to fail to rule on them.”). We therefore reverse the final judgment and remand for consideration of the former husband’s request for attorney’s fees or for entry of a final judgment which reserves jurisdiction to consider the issue.
 
 See Yangco v. Yangco,
 
 901 So.2d 217, 222 (Fla. 2d DCA 2005).
 

 Reversed and remanded for further proceedings consistent with this opinion.
 

 NORTHCUTT and VILLANTI, JJ., Concur.