DAVIS, Chief Judge.
Leslie V. Grill, the Former Wife, appeals from the final judgment that dissolved her marriage to John T. Grill, specifically challenging the trial court’s denial of her request for alimony. Because the final judgment fails to make sufficient findings to support the denial of alimony, we reverse.
On February 3, 2011, the Former Husband filed his petition for dissolution of marriage. The Former Wife filed her answer and counterpetition in which she made a claim for permanent periodic alimony. A final hearing was held on July 31, 2012, and the trial court entered the final judgment on September 20, 2012.
The final judgment made certain specific findings, including that the marriage was “barely a long term marriage, just over [seventeen (17) years in duration.” This finding indicates a presumption that some amount of alimony should be awarded to the Former Wife if a need is demonstrated. See Schomburg v. Schomburg, 845 So.2d 257, 258 (Fla. 2d DCA 2003) (“Because of the long term of the marriage, there is an initial presumption that permanent alimony is proper.”); see also § 61.08(4), Fla. Stat. (2011) (“For purposes of determining alimony, there is a rebuttable presumption that a ... long-term marriage is a marriage having a duration of seventeen years or greater.”). But while the trial court found that the *684 Former Husband has the ability to pay some alimony, the trial court found that the Former Wife failed to demonstrate a need for it.
During the trial, the testimony showed that the Former Wife eo-owns with her family certain unspecified nonmarital properties. During the marriage, she received a minimal monthly income from earnings on these properties.[1] Also during the marriage, the parties retained an attorney to file a partition action in order to obtain the Former Wife’s individual ownership of some of the property. During the dissolution litigation, the Former Wife sold one of these nonmarital properties for the sum of $180,000. She spent this full amount during a twelve-month period but could not explain to the court where the money was spent. Additionally, she was unable to explain to the trial court the nature or value of her remaining property interests. The Former Husband argued below that because the Former Wife has sufficient nonmarital property, she is not in need of alimony. He cited the fact that she “blew” $180,000 without being able to explain where the money was spent to suggest that her other assets are of significant value and that her ambiguity as to the value of the assets was an intentional attempt to preclude identification of her postmarriage holdings.
The trial court seemingly accepted the Former Husband’s arguments in its denial of the requested alimony. The trial court’s conclusion suggests that the Former Wife had sufficient nonmarital assets such that, if she were to liquidate them, she would be able to meet her living expenses without the need of alimony. Such reasoning is error. In the circumstances of this long-term marriage and under section 61.08, the Former Wife is not required to liquidate and deplete her assets to provide for her living expenses in lieu of the Former Husband’s anticipated contribution. See Blakistone v. Blakistone, 462 So.2d 883, 884 (Fla. 2d DCA 1985).
Accordingly, we reverse and remand for either the entry of a final judgment with sufficient findings or for further proceedings, if necessary. On remand, the trial court will necessarily have to address the respective incomes and living expenses of the parties. Until such time as the findings regarding need and ability to pay are made, this court is unable to further review the Former Wife’s need for an alimony award.
Reversed and remanded.
NORTHCUTT and KHOUZAM, JJ., Concur.

. There is no definitive testimony as to the actual nature of the properties or certainty of the monthly income derived therefrom. The record indicates that the Former Wife receives between $300 to $600 in income each month; however, the final judgment does not make any findings as to the total monthly incomes of the parties.