NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

DIANA AYRA,                              )
                                         )
              Appellant,                 )
                                         )
v.                                       )        Case No.   2D13-262
                                         )
OSVALDO AYRA,                            )
                                         )
              Appellee.                  )
_____)

Opinion filed October 1, 2014.

Appeal from the Circuit Court for
Hillsborough County; Tracy Sheehan,
Judge.

Lorena L. Kiely, Tampa, for Appellant.

Allison M. Perry of Florida Appeals &
Mediations, P.A., Tampa, for Appellee.


KELLY, Judge.

        Diana Ayra (the Former Wife) challenges the amended final judgment that

dissolved her marriage to Osvaldo Ayra (the Former Husband).  On appeal, she argues

that the trial court abused its discretion by (1) failing to award her nominal permanent

alimony; (2) failing to order the Former Husband to maintain medical and dental

insurance for the minor child; (3) failing to allocate the child's uncovered medical

expenses; and (4) failing to require the Former Husband to pay her attorney's fees and costs. We find merit only in the Former Wife's contentions regarding alimony and allocation of the child's uncovered medical expenses and therefore reverse. In all other respects, we affirm the amended final judgment without discussion.

The parties' marriage lasted twenty years. This is a long-term marriage. See § 61.08(4), Fla. Stat. (2010) (defining long-term marriage as "having a duration of seventeen years or greater"); see also Grill v. Grill, 123 So. 3d 683, 683 (Fla. 2d DCA 2013) (same). In the context of a long-term marriage, there is an initial presumption in favor of permanent periodic alimony. Schlagel v. Schlagel, 973 So. 2d 672, 676 (Fla. 2d DCA 2008). In determining alimony, "[t]he primary factors for the trial court to consider are the needs of one spouse and the ability of the other spouse to pay." Id. (citing Hann v. Hann, 629 So. 2d 918, 920 (Fla. 2d DCA 1993)). In determining need, the trial court is obligated to consider the factors in section 61.08(2). A trial court's decision on whether permanent, periodic alimony is appropriate is subject to an abuse of discretion standard of review. Murray v. Murray, 598 So. 2d 310, 312 (Fla. 2d DCA 1992).

In considering the Former Wife's need for alimony, the trial court stated, in part, that the Former Wife had the potential to earn an additional $5000 per month as a police officer. However, that finding is not supported by the record. The testimony at the final hearing did not show that this was a viable option for the Former Wife. Further, the Former Wife's testimony established that there is a likelihood her medical and housing expenses will increase after the marriage is dissolved. Accordingly, it was error for the trial court to conclude that the Former Wife did not have the need for any alimony.

The long-term duration of the parties' marriage, coupled with the potential future needs of the Former Wife in the form of rent and medical expenses warrant at least a nominal amount of permanent alimony. See Nourse v. Nourse, 948 So. 2d 903, 904 (Fla. 2d DCA 2007) (concluding "that the historic incomes of the parties, the length of the marriage, and the wife's potential future needs require an award of at least a nominal amount of permanent alimony"). Accordingly, we reverse and remand for the trial court to award at least a nominal amount of alimony per year in order to retain jurisdiction to reconsider alimony in the future.

As for the child's uncovered medical expenses, the Former Wife argues, and the Former Husband concedes, that the trial court erred because it failed to address this item in the amended final judgment. On remand, the trial court must allocate these expenses in accordance with the parties' respective shares of the child support obligation. See Zinovoy v. Zinovoy, 50 So. 3d 763, 764-65 (Fla. 2d DCA 2010) (holding that any uncovered medical expenses should be allocated in the same percentage as the child support allocation unless the final judgment contains a logical rationale to the contrary).

Affirmed in part, reversed in part, and remanded.

WALLACE and KHOUZAM, JJ., Concur.