WALLACE, Judge.
Irene Banks (the Wife) appeals the amended final judgment that dissolved her marriage to Randy Banks (the Husband). The Wife raises four issues. She challenges the award of durational alimony instead of permanent alimony, the handling of the equitable distribution of the Husband’s military retirement benefit, the absence of a provision requiring the Husband to accomplish her release as an obli-gor on the mortgage indebtedness against the marital home, and the trial court’s failure to address the Wife’s request for a provision requiring the Husband to maintain life insurance in an amount sufficient to secure the requested award of permanent alimony. There is no cross-appeal. We affirm in part, reverse in part, and remand for further proceedings.
I. THE FACTUAL AND PROCEDURAL BACKGROUND
The parties were married in 1978. They separated in the latter part of 2011. The Wife filed a petition for dissolution of the marriage on December 30, 2011. At the time of the final hearing, the Wife was sixty-three years of age; the Husband was fifty-five. The parties did not have any minor children.
The Husband had an income of $90,000 per year. In addition to his employment income, the Husband was the beneficiary of a military retirement pension that the parties agreed was paying $2296 monthly.[1] The Wife was unemployed at the time of the final hearing, but the trial court found that she was capable of earning $25,000 per year.
*275 In the amended final judgment, the trial court ordered the Wife to transfer her interest in the former marital home to the Husband. In turn, the trial court ordered the Husband to make the mortgage payments on the property and to hold the Wife harmless on the mortgage indebtedness, to assume responsibility for necessary maintenance and repairs to the property, to pay the taxes and insurance premiums, and to pay any fees incurred in connection with the transfer of the property. An appraisal of the property received in evidence established that the value of the property was substantially less than the amount of the mortgage indebtedness.
In addition to the amount due on the mortgage, the parties had substantial debts. The equitable distribution schedule proposed by the Husband and adopted by the trial court required the Husband to assume $564,802 in debt and the Wife only $21,440. The equitable distribution of the parties’ assets and liabilities left the Husband with a negative net worth of $294,912 and the Wife with a positive net worth of $29,142. The trial court also awarded the Wife 44.19 percent of the Husband’s military retirement pay.
The Wife requested an award of permanent alimony. Undeniably, the parties’ thirty-three-year marriage was a long-term marriage. See § 61.08(4), Fla. Stat. (2011). Despite this fact and the Wife’s proximity to the normal retirement age, the trial court found that she had not established her claim for permanent alimony. Instead, the trial court awarded the Wife durational alimony of $1500 per month for a term of twenty-four months.
In the amended final judgment, the trial court granted various other forms of relief to the parties. However, we do not detail these awards here because they are not pertinent to our disposition of this case. We note that the Wife did not file a motion for rehearing directed to the amended final judgment.
II. DISCUSSION

A. The Obstacles to Review

We begin our discussion by noting the obstacles to our review of the issues in this case. The Wife has not provided us with a transcript of the final hearing.
In addition, the record lacks a statement of the evidence prepared in accordance with Florida Rule of Appellate Procedure 9.200(b)(4). When the appellant fails to provide this court with a record that is sufficient to evaluate the appellant’s contentions of error, we must presume that the trial court’s decision is correct. Harrison v. Harrison, 909 So.2d 318, 319 (Fla. 2d DCA 2004); Chirino v. Chirino, 710 So.2d 696, 697 (Fla. 2d DCA 1998). However, the absence of a transcript and a statement of the evidence does not preclude reversal where an error of law is apparent on the face of the judgment. C.J.E. v. S.D.A., 79 So.3d 229, 229-30 (Fla. 2d DCA 2012); Chirino, 710 So.2d at 697. Therefore, we must limit our consideration of the Wife’s appellate arguments to errors appearing on the face of the amended final judgment.

B. The Failure to Award Permanent Alimony

The trial court declined to award permanent alimony to the Wife. In reaching this decision, the trial court ruled that under subsection 61.08(8), “the standard of permanent alimony is clear and convincing evidence,” and that the “[fjailure to meet this standard means that a permanent entitlement could be deemed inappropriate and the durational option would apply instead.” The trial court also found that “the Wife failed to meet the clear and *276 convincing standard to prove entitlement to a permanent [periodic] award, meaning that her request [for permanent periodic alimony] must be DENIED.”
The trial court misinterpreted subsection 61.08(8). Under that subsection, the party requesting permanent alimony must only meet the clear and convincing standard of proof when the parties’ marriage is of moderate duration. “Permanent alimony may be awarded ... following a marriage of moderate duration if such an award is appropriate based upon clear and convincing evidence after consideration of the factors set forth in subsection (2).” § 61.08(8) (emphasis added); see Valente v. Barion, 146 So.3d 1247, 1249 (Fla. 2d DCA 2014); Winder v. Winder, 152 So.3d 836, 840 (Fla. 1st DCA 2014). However, there is no dispute that this thirty-three-year marriage was, by definition, a long-term marriage. The portion of subsection 61.08(8) applicable to long-duration marriages provides, “Permanent alimony may be awarded following a marriage of long duration if such an award is appropriate upon consideration of the factors set forth in subsection (2).” The portion of subsection 61.08(8) applicable to long-term marriages does not, as the trial court ruled, require a party seeking permanent alimony to meet the clear and convincing standard of proof.
Accordingly, we reverse the amended final judgment to the extent -that it denied the Wife’s claim for an award of permanent periodic alimony and remand this case to the trial court for a reconsideration of the Wife’s claim under the correct standard of proof. In addition, taking into account the long duration of the marriage, the Wife’s age, her unemployment status at the time of the final hearing, and the Husband’s substantially greater earning power, the trial court on remand should consider making an award of at least a nominal amount of permanent periodic alimony to the Wife. See Ayra v. Ayra, 148 So.3d 142, 144 (Fla. 2d DCA 2014); Gulledge v. Gulledge, 82 So.3d 1113, 1115 (Fla. 2d DCA 2012); Nourse v. Nourse, 948 So.2d 903, 904 (Fla. 2d DCA 2007); Biskie v. Biskie, 37 So.3d 970, 973 (Fla.1st DCA 2010).

C. The Military Retirement Pay Award

With regard to the division of the Husband’s military retirement pay, the amended final judgment states: “The Former Wife’s percentage of the Former Husband’s military retirement shall be 44.19% of the Former Husband’s retirement pay which the parties agreed was 44.19% of $2,296.00 equaling $1,014.37 and subject to COLA [Cost of Living Adjustment].” The Wife is concerned that this language may mislead the Defense Finance and Accounting Service in connection with paying the Wife her share of the military retirement pay. According to the Wife, this provision of the amended final judgment “needs to be corrected to eliminate the specific dollar amount since the dollar amount will change as cost of living adjustments are made and will change based upon the Former Wife’s tax status as well.” We agree with the Wife that the language under review is ambiguous. This ill-chosen wording is apt to lead to confusion about how the annual increases of the Wife’s share of the military retirement pay should be calculated and upon what figure they should be based. On remand, the trial court is directed to clarify this portion of the amended final judgment.

D. Reñnancing the Mortgage on the Marital Home

The Wife argues that trial court erred in requiring her to deed her interest in the former marital home to the Husband without requiring the Husband to *277 accomplish her release as an obligor on the note secured by the mortgage against the property. We decline to address this issue because it was not preserved for review. There is no indication in the record that the Wife presented this issue to the trial court for a ruling. See Cox v. Cox, 10 So.3d 180, 181 (Fla. 2d DCA 2009); Roth v. Roth, 973 So.2d 580, 592 (Fla. 2d DCA 2008).

E. Life Insurance as Security for Alimony

Section 61.08(3) states, “To the extent necessary to protect an award of alimony, the court may order any party who is ordered to pay alimony to purchase or maintain a life insurance policy or a bond, or to otherwise secure such alimony award with any other assets which may be suitable for that purpose.” The Wife argues that the trial court erred by failing to address her request that the Husband be required to maintain a life insurance policy to secure the payment of any alimony award. The Wife points out that she pleaded for such relief in her petition for dissolution for marriage. In the amended final judgment, the trial court failed to address the Wife’s request for a requirement that the Husband be required to maintain an appropriate life insurance policy to secure the payment of any alimony award.
Ordinarily, where one of the parties requests an award of life insurance as security for the payment of alimony and the trial court fails to address that request, the appropriate relief would be to reverse and remand for the trial court to make the necessary findings. See Duffey v. Duffey, 972 So.2d 290, 292 (Fla. 5th DCA 2008). In this case, we conclude that such relief is not available. The Wife’s operative pretrial memorandum filed with the trial court identified four issues to be resolved at the final evidentiary hearing: (1) alimony; (2) marital residence; (3) equitable distribution of assets; and (4) attorney’s fees and costs. The issue of whether or not the Husband should be required to maintain life insurance as security for any alimony award was not mentioned. In addition, the trial court’s Family Law Pretrial Conference Order issued before the final evi-dentiary hearing identified four issues for trial: (1) Equitable Distribution: Valuation; (2) Alimony; (3) Entitlement to Attorney’s Fees and Costs: Petitioner and Respondent; and (4) Imputation of Income: Vocational Evaluation. Once again, the question of life insurance was not mentioned. In the absence of any record evidence that the Wife identified the question of life insurance for the trial court as one that needed to be resolved at trial, we are not willing to hold that the trial court erred by failing to address this issue in the amended final judgment.
III. CONCLUSION
For the foregoing reasons, we reverse the amended final judgment to the extent that it finds that the Wife is not entitled to an award of permanent periodic alimony. On remand, the trial court shall consider the issue of the Wife’s entitlement to such an award under the correct standard of proof. The trial court should also consider making an award to the Wife of a nominal amount of permanent periodic alimony. The trial court shall clarify the language of the amended final judgment setting forth the Wife’s right to receive a percentage of the Husband’s military retirement pay. Finally, the trial court shall correct the scrivener’s error in paragraph 4(A)(1) of the amended final judgment stating that the parties married on December 29, 1979, to read that the parties married on December 29,1978. In all other respects, the amended final judgment is affirmed.
*278 Affirmed in part, reversed in part, and remanded with directions.
CASANUEVA and KHOUZAM, JJ., Concur.

. A review of several exhibits in our limited record leads us to believe that the figure of $2296 is incorrect. However, the amended final judgment recites that the parties agreed to this figure, and neither of the parties raised the issue in their briefs. Accordingly, we do not address this matter further.