NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ROBERT LIBRIZZI,                              )
                                             )
        Appellant/Cross-Appellee,      )
                                             )
v.                                           )    Case No. 2D15-2919
                                             )
KAREN LIBRIZZI,                               )
                                             )
        Appellee/Cross-Appellant.      )
                                             )

Opinion filed June 9, 2017.

Appeal from the Circuit Court for Manatee
County; Edward Nicholas, Judge.

Chrystal R. Koch of Koch Law Firm,
Sarasota, for Appellant/Cross-Appellee.

Edward B. Sobel of Edward B. Sobel, P.A.,
Bradenton, for Appellee/Cross-Appellant.


SLEET, Judge.

        The former husband, Robert Librizzi, appeals and the former wife, Karen

Librizzi, cross-appeals the final order dissolving their twenty-five-year marriage. The

former husband challenges the equitable distribution scheme, the alimony award, and

the award of attorney fees to the former wife. The former wife contests the alimony

award, arguing that the trial court should have considered the tax implications of the

award on the parties in making its determination pursuant to section 61.08(2)(h), Florida

Statutes (2012).  Because the former husband's arguments regarding equitable distribution are either unpreserved, without merit, or both, we affirm the equitable distribution scheme without further comment.  We also affirm the trial court's determination of the former wife's need for support and the portion of the order requiring the former husband to maintain a life insurance policy to secure his support obligation.  However, we reverse the portion of the order awarding $6918.75 in alimony to the former wife because the trial court erred when it failed to consider the former wife's evidence as to the tax consequences of the support determination.

The magistrate initially recommended $9500 in monthly alimony for the former wife in its recommended dissolution order.  After the circuit court partially granted the former husband's exceptions to the recommended order, a second magistrate held a limited hearing to reconsider specific elements of the equitable distribution scheme and the support award, including to make a determination of the former husband's net income.  During the hearing, the former wife submitted calculations of the former husband's net income that included a tax credit consistent with the $9500 alimony award.  Although the calculations were based on evidence admitted at trial, the magistrate declined to consider them.  The magistrate also declined to hear any testimony from the former wife's CPA, who was present at the hearing.  Instead, the magistrate based his calculation of the former husband's net income on the former husband's 2014 financial affidavit, which reflected an annual tax liability of over $60,000.  Significantly, the former husband's CPA had previously testified that the 2014 affidavit did not include tax deductions related to the payment of any alimony to the former wife.  The former wife's CPA testified consistently with this assessment before the first

magistrate, saying that there was no support for the $60,000 annual tax liability and that the alimony payments would reduce the former husband's tax obligation. After the hearing, the second magistrate recommended reducing the alimony award to $6900. The circuit court denied the former wife's exceptions to this order and adopted the magistrate's recommended order in full.

This court reviews an alimony award for an abuse of discretion. Crick v. Crick, 78 So. 3d 696, 698 (Fla. 2d DCA 2012). Section 61.08(2)(h) requires that the trial court consider "[t]he tax treatment and consequences to both parties of an alimony award." This court has consistently held that "[i]t is error for the trial court to fail to consider tax implications of an alimony award when such evidence is presented." Tarkow v. Tarkow, 128 So. 3d 82, 85 (Fla. 2d DCA 2013) (quoting Farley v. Farley, 800 So. 2d 710, 712 (Fla. 2d DCA 2001)). Accordingly, it was error for the magistrate to award alimony without considering the former wife's evidence regarding the tax consequences of the award on the former husband's net income and error for the circuit court to deny the former wife's exceptions and approve the recommended award. We reverse the amount of the alimony award and remand for recalculation. On remand, the trial court shall consider evidence of the tax consequences of the support award on the former husband's net income.

The former husband also challenges the trial court's award of fees to the former wife. However, because the order on appeal only determines entitlement, not the amount of the fee award, this court lacks jurisdiction to review the issue. See Smith v. Smith, 169 So. 3d 220, 221 (Fla. 2d DCA 2015). Accordingly, the former husband's appeal of the fee award is dismissed for lack of jurisdiction.

- 3 -

Affirmed in part; reversed in part with instructions; dismissed in part.

VILLANTI, C.J., and SALARIO, J., Concur.