NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

CARMEN LUCENA SHAW,       )
                          )
        Appellant,        )
                          )
v.                        )       Case No. 2D18-331
                          )
KIM L. SHAW,              )
                          )
        Appellee.         )
_____)

Opinion filed May 31, 2019.

Appeal from the Circuit Court for Manatee
County; Edward Nicholas, Judge.

Chrystal R. Koch of Koch Law Firm,
Sarasota for Appellant.

No appearance for Appellee.


LUCAS, Judge.

        Carmen Shaw (the Former Wife) appeals a final judgment of dissolution of

marriage.  Among the points she has raised, the Former Wife argues that, at a

minimum, the trial court should have awarded her nominal permanent alimony following

the dissolution of the parties' twenty-eight-year marriage.  Under the facts of this case,

we must agree.

The trial court found that the Former Wife, a licensed veterinarian, had only ever worked part time during the marriage and had been the primary caregiver for the parties' three minor children. The Former Wife was unemployed by the time the trial in this case concluded. According to the final judgment, the anticipated income the Former Wife "is likely to have" is approximately half of that which Kim Shaw (the Former Husband) actually earns. Recognizing this disparity and the Former Wife's employment circumstances, the trial court awarded her bridge-the-gap alimony and durational alimony. One could argue that a more comprehensive alimony award might have been appropriate under section 61.08, Florida Statutes (2018), but we cannot say the trial court abused its discretion in fashioning the Former Wife's overall alimony award in the way that it did. See Librizzi v. Librizzi, 228 So. 3d 593, 595 (Fla. 2d DCA 2017) ("This court reviews an alimony award for an abuse of discretion." (citing Crick v. Crick, 78 So. 3d 696, 698 (Fla. 2d DCA 2012))); Johnson v. Johnson, 454 So. 2d 797, 799 (Fla. 4th DCA 1984) (holding that because "reasonable people could differ as to the propriety of the award" of alimony, the appellate court was "bound to affirm").

However, as we have explained before, a trial court should ordinarily award nominal permanent alimony in cases such as the one before us because doing so "will allow the trial court to increase the alimony award should the [w]ife find that she is unable to secure employment, after using her best efforts, in the imputed amount." See Schlagel v. Schlagel, 973 So. 2d 672, 676-77 (Fla. 2d DCA 2008). An "award of nominal permanent alimony 'will permit the wife to petition the trial court to pursue a future increase in permanent alimony should she continue to be unable to work' " and "will preserve the jurisdiction of the trial court to revisit the matter as the parties go on

with their new lives." Id. at 676 (quoting Nourse v. Nourse, 948 So. 2d 903, 904 (Fla. 2d DCA 2007)); see also Banks v. Banks, 168 So. 3d 273, 276 (Fla. 2d DCA 2015) ("In addition, taking into account the long duration of the marriage, the Wife's age, her unemployment status at the time of the final hearing, and the Husband's substantially greater earning power, the trial court on remand should consider making an award of at least a nominal amount of permanent periodic alimony to the Wife."); Gulledge v. Gulledge, 82 So. 3d 1113, 1115 (Fla. 2d DCA 2012); Nourse, 948 So. 2d at 904; Bruce v. Bruce, 243 So. 3d 461, 463 (Fla. 5th DCA 2018) ("A parties' twenty-year marriage is considered 'long-term,' raising a rebuttable presumption of entitlement to permanent alimony.").

Under the particular circumstances of this case and consistent with our precedent, we must conclude that the trial court abused its discretion when it denied the Former Wife nominal permanent alimony. Accordingly, we reverse and remand for the trial court to award nominal alimony of $1 per year to the Former Wife. In all other respects, the final judgment is affirmed.

Affirmed in part; reversed in part; remanded with instructions.


NORTHCUTT and BLACK, JJ., Concur.